**Veronica CONNOR, Individually and as Administratrix of the Estate of Carole Hicks, Deceased, Appellant,**

v.

**CROZER KEYSTONE HEALTH SYSTEM D/B/A Delaware County Memorial Hospital and Kovalsky, Suburban Cardiologist, Ltd, Marvin, Korienko, Lebieta, Allore, Schwabe and Oteri, Appellees.**

Superior Court of Pennsylvania.

Argued June 10, 2003.

Filed Sept. 16, 2003.

Debra Fannel, Philadelphia, for appellant.

John J. Hare, Doylestown, for Korienko, appellee.

F. James Gallo, Philadelphia, for Marvin and Suburban Cardiologist, appellees.

Rosemary R. Schnall, Paoli, for Oteri and Crozer Keystone Health System, appellees.

Steve L. Resnick, Philadelphia, for Kovalsky, appellee.

BEFORE: STEVENS, MONTEMURO *, and KELLY, JJ.

* Retired Justice Assigned to the Superior Court.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the November 5, 2002 order entered in the Court of Common Pleas of Philadelphia County transferring venue from Philadelphia County to Delaware County.[1] On appeal, Appellant contends that transfer of venue to Delaware County was inappropriate since (1) one or more of Appellees had sufficient contacts with Philadelphia County, (2) one or more of Appellees waived their right to challenge Appellant's chosen place of venue, and (3) the trial court abused its discretion and/or misapplied the law. We affirm.

¶ 2 On April 1, 2002, Appellant Veronica Connor, individually and as Administratrix of the Estate of Carol Hicks, filed a complaint against Crozer Keystone Health System, d/b/a Delaware County Memorial Hospital, Don Allen Kovalsky, M.D., Suburban Cardiologist, LTD., Robert F. Marvin, M.D., Walter A. Korienko, M.D., Mamerto Lebieta, M.D., Dr. Allore, Karl Schwabe, M.D., and Dominic Oteri, M.D. In the complaint, Appellant alleged that on April 6, 2000, Dr. Kovalsky performed lower back surgery on the decedent, Ms. Hicks, at the Delaware County Memorial Hospital. On April 7, 2000, the decedent was found unresponsive, and she ultimately died on April 11, 2000. Appellant raised issues relating to wrongful death, survival, and ostensible agency claims.

¶ 3 On May 9, 2002, June 7, 2002, and June 10, 2002 Drs. Kovalsky, Schwabe, and Korienko each filed preliminary objections to Appellant's complaint alleging that venue in Philadelphia County was improper and the facts supporting the complaint were legally insufficient. On June 14, 2002, Dr. Marvin and Suburban Cardiologist, LTD. filed preliminary objections indicating that they joined their co-defendants' preliminary objections, particularly with regard to a change of venue. On June 26, 2002 and July 1, 2002, Crozer Keystone Health System, Dr. Dominic Oteri, and Dr. Lebieta filed similar preliminary objections challenging, *inter alia*, venue. By order filed August 14, 2002, the trial court granted the preliminary objections in part and denied in part. The trial court specifically granted Appellant thirty days to amend her civil complaint. The trial court held the issue of venue under advisement, and on September 9, 2002, the trial court ordered Crozer Keystone Health System and Dr. Lebieta to submit to depositions concerning venue.

¶ 4 Appellant filed an amended complaint on September 12, 2002. On September 17, 2002, Dr. Korienko filed preliminary objections to Appellant's complaint alleging, *inter alia*, that venue did not properly lie in Philadelphia County. Dr. Korienko alleged that none of the defendants had home or business addresses in Philadelphia County, and the decedent's care/treatment did not occur in Philadelphia County. On October 2, 2002, Crozer Keystone Health System and Dr. Oteri filed preliminary objections alleging, *inter alia*, that none of the defendants had sufficient contacts with Philadelphia County to sustain venue therein. Dr. Schwabe filed a similar preliminary objection on October 10, 2002, requesting a transfer of venue. By order dated November 5, 2002, the trial court sustained the preliminary objections and specifically transferred venue from the Court of Common Pleas of Philadelphia

---

1. We note that this is an interlocutory appeal taken as of right. Pursuant to Pa.R.A.P. 311(c), "[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles." As such, this matter is properly before us.

County to the Court of Common Pleas of Delaware County. This timely appeal followed, and the Court of Common Pleas of Philadelphia County filed an opinion explaining its decision to transfer venue to Delaware County.[2]

It is well established that a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, [i]f there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Jackson v. Laidlaw Transit, Inc. & Laidlaw Transit PA, Inc.*, 822 A.2d 56, 57 (Pa.Super.2003) (citations, quotation, and quotation marks omitted).

¶ 5 Appellant first contends that venue properly lies in Philadelphia County because at least four of the defendants have sufficient contacts with Philadelphia County. Appellant urges this Court to not apply the recent amendment made to Pennsylvania Rule of Civil Procedure 1006,

which indicates that a medical professional liability claim can be brought only in the county where the cause of action arose. Appellant contends that the Amendatory Order to Pennsylvania Rule of Civil Procedure 1006, which proclaims that changes to venue in medical malpractice cases are to be applied retroactively to cases filed on or after January 1, 2002, is unconstitutional.

 ¶ 6 Initially, it is necessary for us to examine newly amended Pa.R.C.P. 1006 relating to venue in medical malpractice cases. On January 27, 2003, effective immediately, the Pennsylvania Supreme Court amended Pa.R.C.P. 1006 to provide for the following: "(a.1) Except as otherwise provided by subsection (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose." Pa.R.C.P. 1006(a.1). The Note immediately following the newly added subsection indicates that we should "[s]ee Section 5101.1(c) of the Judicial Code, 42 Pa.C.S. § 5101.1(c) for the definitions of 'health care provider,' 'medical professional liability action,' and 'medical professional liability claim.'"[3] 42 Pa.C.S. § 5101.1(c) defines "health care provider" as:

---

**2.** The lower court did not file an order pursuant to Pa.R.A.P. 1925(b), and Appellant did not file a Pa.R.A.P. 1925(b) statement.

**3.** Recently, in *North–Central Pennsylvania Trial Lawyers Assoc. v. Weaver*, 827 A.2d 550 (Pa.Cmwlth.2003), an *en banc* panel of the Pennsylvania Commonwealth Court held that 42 Pa.C.S. § 5101.1 is unconstitutional since the legislature is not permitted to act in regard to venue. The Commonwealth Court specifically held that the matter of venue is procedural in nature, and, therefore, regulation of such is committed to the exclusive authority of the Pennsylvania Supreme Court under Article V, Section 10(c). As such, while the Commonwealth Court made no ruling concerning the constitutionality of newly amended Pa.R.C.P. 1006, the Commonwealth

Court held that 42 Pa.C.S. § 5101.1 concerning venue is unconstitutional. It is well settled that we are not bound by any decision of the Commonwealth Court. *Peter Daniels Realty, Inc. v. Northern Equity Investors Group, Inc.*, 829 A.2d 721 (Pa.Super.2003) (citation omitted). In any event, Appellant makes no argument concerning the validity of 42 Pa. C.S. § 5101.1 and does not challenge the definitions provided therein. In fact, Appellant's sole allegation concerning the application of the amended rules concerning venue in medical malpractice claims is that the amendments should not be applied retroactively to claims filed on or after January 1, 2002. As such, we decline to further address the constitutionality of 42 Pa.C.S. § 5101.1.

A primary health care center...or a person, including a corporation, university or other educational institution licensed or approved by the Commonwealth to provide health care or professional medical services as a physician,...hospital..., and an officer, employee, or agent of any of them acting in the course and scope of employment.

42 Pa.C.S. § 5101.1(c). The Statute defines "medical professional liability action" as "[a]ny proceeding in which a medical professional liability claim is asserted, including an action in a court of law or an arbitration proceeding." 42 Pa.C.S. § 5101.1(c). Further, the Statute defines "medical professional liability claim" as "[a]ny claim seeking the recovery of damages for loss from a health care provider arising out of any tort or breach of contract causing injury or death resulting from the furnishing of health care services which were or should have been provided." 42 Pa.C.S. § 5101.1(c).

■ ¶ 7 We hold that the instant medical malpractice action is of the type contemplated by newly amended Pa.R.C.P. 1006, which references the definitions provided by 42 Pa.C.S. § 5101.1. As such, we must determine whether Pa.R.C.P. 1006 is applicable to the within case, thereby requiring that venue in this case properly lies only in the county in which the cause of action arose, which is Delaware County.[4]

¶ 8 At the conclusion of Pa.R.C.P. 1006, the Pennsylvania Supreme Court has noted the applicability of the newly amended Rule. Specifically, the Supreme Court has stated:

Pursuant to Amendatory Order of March 5, 2003, Pa.R.C.P. Nos. 1006, 2130, 2156, and 2179, as amended by Order of January 27, 2003, shall apply to medical professional liability actions filed on or after January 1, 2002 and not to such action filed prior to that date. The provisions of Pa.R.C.P. No. 1032 governing waiver of defenses and objections shall not apply to a challenge to venue made within ninety days of the Amendatory Order of March 5, 2003.

■ ¶ 9 A plain reading of the Amendatory Order provides that the amendments to Pa.R.C.P. 1006 relating to venue in medical malpractice cases applies to actions filed on or after January 1, 2002. In the case *sub judice*, Appellant filed her action on April 1, 2002, and as such, we conclude that the newly amended Pa. R.C.P. 1006 is applicable to this case, and the trial court did not abuse its discretion in concluding that venue properly lies in Delaware County.[5]

■ ¶ 10 We note that Appellant recognizes the amendments made to Pa.R.C.P. 1006, and she recognizes the Supreme Court's Amendatory Order pronouncing applicability of the amendments. However, she argues that "[t]he March 5, 2003 Amendatory Order No. 381 stated that the amendments applied to all actions filed on or after January 1, 2002, yet this amendment is unconstitutional and in direct conflict with Pa.R.C.P. 152."[6] Appellant's brief at 9, 21.

---

4. Appellant does not dispute that her causes of action arose in Delaware County.

5. The trial court granted Appellees' preliminary objections concerning venue on the basis that Appellees did not have sufficient contacts with Philadelphia County. However, we may affirm on other grounds. *See Shepp v. Shepp*, 821 A.2d 635 (Pa.Super.2003).

6. Pa.R.C.P. 152 provides that:

Whenever a rule or part of a rule is amended, the amendment shall be construed to merge into the original rule, become a part thereof, and replace the part amended. The remainder of the original rule and amendment shall be read together and viewed as one rule promulgated at one

¶ 11 We conclude that Appellant has failed to develop her claim adequately. That is, aside from baldly asserting that the Supreme Court's Amendatory Order is unconstitutional and conflicts with Pa. R.C.P. 152, Appellant has failed to develop this argument in any manner. Specifically, Appellant has failed to cite any authority supporting her position that the March 5, 2003 Amendatory Order is unconstitutional and has failed to discuss the alleged conflict with Pa.R.C.P. 152.

> Pa.R.A.P. 2119(a) provides, in relevant part, that the argument [section of an appellant's brief] shall be 'followed by such discussion and citation of authorities as are deemed *pertinent.*' Rule 2119 contains mandatory provisions regarding the contents of briefs. We have held consistently, '[a]rguments that are not *appropriately* developed are waived.'
>
> It is the appellant who has the burden of establishing [her] entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the appellant has failed to cite any authority in support of a contention, the claim is waived.

*Bunt v. Pension Mortgage Associates, Inc.*, 446 Pa.Super. 359, 666 A.2d 1091, 1095 (1995) (citations and quotations omitted) (emphasis in original).

¶ 12 Here, Appellant's conclusory statements are insufficient to permit meaningful appellate review, and, therefore, we find her claim regarding the constitutionality of the March 5, 2003 Amendatory Order and alleged conflict between the Amendatory Order and Pa.R.C.P. 152 to be waived. *Id.* We particularly find Appellant's lack of argument and citation to be indefensible in light of the fact she is requesting that we strike as unconstitutional a procedural rule promulgated by the Pennsylvania Supreme Court.

¶ 13 Appellant's next contention is that one or more of Appellees waived their right to challenge Appellant's chosen place of venue. Specifically, Appellant contends that Appellees violated Pa. R.C.P. 1026 by filing their preliminary objections more than twenty days after Appellant filed her initial and amended complaints. Appellant contends that she was prejudiced by Appellees' delay in filing preliminary objections because the eleven months spent arguing venue could have been spent litigating the merits of the case. Appellant also argues that Appellees waived their challenges to venue since they participated in this matter in Philadelphia County by filing demands for a jury trial, attending a case management conference, and participating in the discovery process.

¶ 14 Pa.R.C.P. 1006(e) provides that "[i]mproper venue shall be raised by preliminary objection and if not so raised shall be waived." In addition, Pa.R.C.P. 1032 provides that "[a] party waives all defenses and objections which are not presented either by preliminary objection, answer or reply . . . ." With regard to when a preliminary objection challenging improper venue should be filed, Pa.R.C.P. 1026(a) provides that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading . . . ." However, "this Rule has been interpreted as permissive rather than mandatory. It is left to the sound discretion of the trial court to permit a late filing of a pleading where the

---

time; but the portions of the rule which were not altered by the amendment shall be construed as effective from the time of their original promulgation and the new provisions shall be construed to be effective from the date when the amendment became effective.

opposing party will not be prejudiced and justice so requires." *Gale v. Mercy Catholic Medical Center Eastwick, Inc., Fitzgerald Mercy Division,* 698 A.2d 647, 649 (Pa.Super.1997) (citation, quotation, and quotation marks omitted). Moreover, in its Amendatory Order to Pa.R.C.P. 1006, the Supreme Court stated that "[t]he provisions of Pa.R.C.P. No. 1032 governing waiver of defenses and objections shall not apply to a challenge to venue made within ninety days of the Amendatory Order of March 5, 2003."

▮▮▮ ¶ 15 Here, we conclude that Appellees did not waive their right to challenge venue, and the trial court did not abuse its discretion with regard thereto. While we agree that not all Appellees filed their preliminary objections within twenty days, or even ninety days as permitted by the Amendatory Order, we conclude that Appellant has failed to demonstrate prejudice by the late filings. "Prejudice includes any substantial diminution [in Appellant's] ability to present factual information in the event of trial[.]" *Gale,* 698 A.2d at 650 (quotations and quotation marks omitted).

¶ 16 In this case, Appellant's claim of prejudice is that her attorneys spent a great deal of time and money responding to the preliminary objections, which were not filed jointly, and that the eleven months spent arguing over venue should have been spent litigating the merits of the underlying claim. We conclude that these facts alone do not satisfy the prejudice requirement. Indeed, Appellant has cited no authority indicating that defendants are required to file preliminary objections jointly, and part of the delay in this case occurred because Appellant was required to amend her complaint. Since Appellant has not alleged that Appellees' delay in filing the preliminary objections affected Appellant's ability to present factual infor-

mation at trial or in opposition to Appellees' venue challenge, we conclude that the trial court did not abuse its discretion in accepting Appellees' preliminary objections. *See Gale, supra.*

▮▮▮ ¶ 17 Also, as to Appellant's argument that Appellees waived venue in Philadelphia County by filing demands for a jury trial, attending a case management conference, and participating in discovery, we find no relief is due. Appellant has cited no case law supporting her argument. Pa.R.A.P. 2119. In addition, this Court has held that it is not unreasonable for a party to participate in a matter, including discovery, while waiting for the trial court's ruling on preliminary objections and that such action does not waive objections to venue. *Kubik v. Route 252, Inc.,* 762 A.2d 1119 (Pa.Super.2000).

▮▮▮ ¶ 18 Appellant's final contention is that the trial court abused its discretion and misapplied the law in transferring venue to Delaware County. We find this argument to be waived.

▮▮▮ ¶ 19 Aside from stating the abuse of discretion standard of review and baldly asserting that "the decision to transfer this matter out of Philadelphia County was contrary to the applicable law discussed in detail above," Appellant has failed to develop this claim in any meaningful manner. As indicated previously, Appellant has the burden of developing her claim, and it is not this Court's duty to do so. *See Bunt, supra.* Since Appellant has provided this Court with no further legal argument as to why the trial court allegedly abused its discretion and misapplied the law, we find the claim to be waived.

¶ 20 Affirmed.