J-A11042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANEWAY TRUCK AND TRAILER RECOVERY, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SOLID WASTE SERVICES, INC. D/B/A J.P. MASCARO & SONS | : | |
| | : | No. 609 EDA 2015 |

Appeal from the Order February 5, 2015
in the Court of Common Pleas of Montgomery County Civil Division
at No(s): 2014-25015

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 22, 2016**

Appellant, Janeway Truck and Trailer Recovery, Inc., appeals from the order of the Montgomery County Court of Common Pleas that sustained the preliminary objection of Appellee, Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons, and dismissed Appellant's complaint with prejudice. Appellant claims the trial court erred by failing "to allow discovery, in which it would have been determined if [Appellee] regularly uses the [c]ourt[s] for refunds." Appellant's Brief at 4. We conclude Appellant's failure to comply with the Pennsylvania Rules of Appellate Procedure requires the dismissal of this appeal.

---

[*] Former Justice specially assigned to the Superior Court.

According to Appellant, Appellee paid a bill for towing services Appellant rendered in 2011, "then sued [Appellant] for a refund in small claims court which [Appellant] appealed to the Court of Common Pleas in Montgomery County." *Id.* A panel of arbitrators entered a judgment in favor of Appellant on July 25, 2013,[1] and Appellee did not appeal the panel's ruling.

Appellant commenced the instant action for "abuse of process and wrongful action," *id.*, by filing a complaint on September 3, 2014. Appellee filed a preliminary objection in the nature of a demurrer on September 29, 2014. On October 19, 2014, Appellee filed an answer to the preliminary objection characterizing Appellee's previous action against it as "an abuse of the system or as one court called it: extortion." Appellant's Answer to Appellee's Prelim. Objection, 10/19/14, at 1. On February 5, 2015, the trial court sustained Appellee's preliminary objection in the form of demurrer and dismissed the complaint with prejudice.

Appellant took this timely appeal and in response to the trial court's order for a Pa.R.A.P. 1925(b) statement, timely filed a two-page "Appeal Statement." Appellant's Rule 1925(b) statement contained one paragraph reviewing the standards of review applicable to an order sustaining preliminary objection in the nature of demurrer and two paragraphs

---

[1] Appellant did not indicate when it prevailed in Appellee's action against it. However, it did not dispute Appellee's recitation of the date of the arbitrators' findings.

summarizing the law that Pennsylvania is a "fact-pleading" jurisdiction. Appellant's Pa.R.A.P. 1925(b) Statement, 3/25/15, at 1-2. The final two paragraphs asserted error in the court's ruling. *Id.* at 2. The trial court filed a responsive Rule 1925(a) opinion.

Appellant presents the following question for review:

> Did the [trial court] commit an error of law by granting [Appellee's] Preliminary Objections when it did not allow discovery? Is such conduct also an abuse of discretion?

Appellant's Brief at 3.

Preliminarily, we note Appellant's statement of facts consists of three paragraphs spanning less than a page. *See* Appellant's Brief at 4. His argument section consists of less than two pages and is a verbatim recitation of his Rule 1925(b) statement. *See id.* at 5-7; *see also* Appellant's Pa.R.A.P. 1925(b) Statement at 1-2. Appellant has cited authorities related to the standard of review and Pennsylvania's pleading requirements. *See* Appellant's Brief at 5. However, his entire legal argument consists of two paragraphs, which we have reproduced for the purposes of the present appeal:

> It was an error of law to sustain [Appellee's] preliminary objection. It is a misuse of the legal system to reduce bills. Had [Appellant] been allowed to conduct discovery it would have been show[n] that [Appellee] misuse[d] the legal system in other cases.
>
> The [trial] court was to[o] quick to sustain [Appellee's] preliminary objections.

*Id.* at 6.

This Court has observed:

> Pa.R.A.P. 2119(a) provides, in relevant part, that the argument [section of an appellant's brief] shall be 'followed by such discussion and citation of authorities as are deemed pertinent.' Rule 2119 contains mandatory provisions regarding the contents of briefs. We have held consistently, '[a]rguments that are not appropriately developed are waived.'
>
> It is the appellant who has the burden of establishing [its] entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. . . .

*Connor v. Crozer Keystone Health Sys.*, 832 A.2d 1112, 1118 (Pa. Super. 2003) (citation and emphases omitted).

> > This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.
> >
> > Moreover, "mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter."

*In re S.T.S., Jr.*, 76 A.3d 24, 42 (Pa. Super. 2013) (citations omitted).

In light of the foregoing precepts, we are constrained to conclude that Appellant's brief is substantively defective. *See Connor*, 832 A.2d at 1118. Further consideration of this matter would require this Court to develop Appellant's attempts at "mere issue spotting" into a meaningful legal argument responsive to the trial court's opinion. This we cannot do. *See In re S.T.S., Jr.*, 76 A.3d at 42. Accordingly, we dismiss this appeal.

Appeal dismissed.

J-A11042-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/22/2016</u>