Allan J. Nowicki,             :
               Appellant     :
                         :
             v.            :
                         :

Tinicum Township, Bucks County,  :
Pa., Nicholas Forte, Tinicum     :
Township Supervisor, Nicholas Forte, :
Linda M. McNeill, Tinicum Township :
Manager, Linda M. McNeill, Stephen :
B. Harris, Esquire, Harris and Harris, :
Township Solicitor Tom Fountain, P.E., :
Keystone Municipal Engineering, Inc., :
Township Engineer Shawn McGlynn, :
Keystone Municipal Services, LLC, :
Boyce Budd, Gary V. Pearson,   :
Delaware Valley Landscape Stone, Inc., :
Joseph Busik, J. Kevan Busik,   :
Keith Keeping, Bunnie Keeping  :
                         :
             v.            :
                         :

Eastburn and Gray, P.C., Michael J. :
Savona, Michael E. Peters, Esquire, :
Michael T. Pidgeon, Esquire, James J. :
Sabath, James J. Sabath, Chief of   :  No. 1749 C.D. 2019
Police                  :  Submitted: September 11, 2020

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: December 8, 2020

Allan J. Nowicki (Nowicki) appeals pro se from the Bucks County Common Pleas Court's (trial court) October 22, 2019 order sustaining the preliminary objections (Preliminary Objections) filed by Keystone Municipal

Engineering, Inc. (Keystone) and Tom Fountain, P.E. (Fountain); Tinicum Township, Bucks County, Pa. (Township), Township Supervisor Nicholas Forte (Supervisor), Township Manager Linda M. McNeill (Manager), Boyce Budd (Budd), Gary V. Pearson (Pearson) and Police Chief James J. Sabath (Chief Sabath); Township Solicitor Stephen B. Harris, Esquire, Harris and Harris (collectively, Solicitor); Delaware Valley Landscape Stone, Inc. (Landscape, Inc.); Joseph Busik and J. Kevan Busik (collectively, Busiks); and Keith Keeping and Bunnie Keeping (collectively, Keepings),[1] to Nowicki's eighth amended complaint (Final Amended Complaint) against the Township, Township Supervisor, Township Manager, Township Solicitor, Fountain, Keystone, Township Engineer Shawn McGlynn, Keystone Municipal Services, LLC, Budd, Pearson, Landscape, Inc., the Busiks, the Keepings, Eastburn and Gray, P.C., Michael J. Savona, Michael E. Peters, Esquire, Michael T. Pidgeon, Esquire and Chief Sabath (collectively, Defendants), and dismissing the Final Amended Complaint. The sole issue before this Court is whether the trial court erred by sustaining the Preliminary Objections. After review, we quash the appeal.

### Background

In the spring of 2009, Nowicki started a mulch operation on a 3-acre parcel of land (3-acre parcel) that he owned in the Township. On June 26, 2009, a Township Zoning Officer issued Nowicki an enforcement notice, informing him that the mulch operation violated the Township's Zoning Ordinance. Thereafter, Nowicki suspended the mulch operation on the 3-acre parcel. In the spring of 2011, Nowicki resumed the mulch operation on the 3-acre parcel. On October 13, 2011,

---

[1] According to the docket entries, preliminary objections were also filed by "nominal defendants." March 21, 2019 Docket Entry. Because the trial court also sustained those preliminary objections, they are included among the Preliminary Objections herein under review.

the Township's Zoning Officer issued Nowicki a second enforcement notice (Notice). The Notice stated that Nowicki was in violation of the Township's Zoning Ordinance for operating a non-permitted use on the 3-acre parcel in the Extraction Zoning District. Nowicki appealed from the Notice to the Township Zoning Hearing Board (Board), which upheld the Notice on January 26, 2012, concluding that Nowicki's mulch operation was not permitted on the 3-acre parcel.

Nowicki appealed from the Board's decision to the Bucks County Common Pleas Court (Common Pleas).[2] On October 22, 2012, Common Pleas affirmed the Board's decision. On November 15, 2012, Nowicki appealed from Common Pleas' October 22, 2012 order to this Court. On January 14, 2013, Common Pleas preliminarily enjoined the manufacturing and selling of mulch and firewood on Nowicki's 3-acre parcel. On September 9, 2014, this Court affirmed Common Pleas' October 22, 2012 order. *See Tinicum Twp. v. Nowicki*, 99 A.3d 586 (Pa. Cmwlth. 2014).

Thereafter, Nowicki moved his mulch operation to a 56-acre parcel of land (56-acre parcel) purchased through an entity that Nowicki's wife owned. The 56-acre parcel was located in the Township and surrounded the 3-acre parcel. In August 2013, the Township learned that Nowicki had resumed his mulch operation on the 56-acre parcel. Consequently, on August 20, 2013, the Township brought another enforcement action against Nowicki for violating the Township's Zoning Ordinance by conducting the mulch operation on the 56-acre parcel. Nowicki sought a zoning permit for the mulch operation on the 56-acre parcel. The Board ultimately denied Nowicki's permit request because of environmental concerns, including Nowicki placing wood material in the Delaware River's floodway.

---

[2] The Opinion references the Bucks County Common Pleas Court as Common Pleas at this juncture, to differentiate it from the trial court that ruled on the Preliminary Objections.

The Township filed another petition for a preliminary injunction, seeking therein: to enjoin the processing, manufacturing and sale of mulch on the 3-acre parcel and the 56-acre parcel; to order Nowicki to remove all of the materials placed in the Delaware River's floodway; and to find Nowicki in contempt of Common Pleas' January 14, 2013 injunction order. By October 15, 2014 order, Common Pleas: enjoined Nowicki from conducting any further mulch operations on the 3-acre parcel and the 56-acre parcel, including bringing any further raw materials onto the parcels, processing any materials into mulch or firewood, and selling any mulch or firewood from the parcels; and directed Nowicki to remove all the wood materials - whether raw materials, decomposing materials, or finished product - from the 3-acre and the 56-acre parcels within 30 days from the date of the order. On March 31, 2015, Common Pleas entered an order finding Nowicki in contempt of Common Pleas' January 14, 2013 order and imposing $14,685.70 in sanctions.

Nowicki appealed from Common Pleas' October 15, 2014 and March 31, 2015 orders to this Court. On March 31, 2016, this Court affirmed Common Pleas' October 15, 2014 and March 31, 2015 orders. *See Tinicum Twp. v. Nowicki* (Pa. Cmwlth. No. 2114 C.D. 2014, filed March 31, 2016).

**Facts**

On August 29, 2017, Nowicki filed a pro se complaint against Defendants. Since that time, Defendants have filed numerous preliminary objections resulting in Nowicki filing seven amended complaints. On January 21, 2019, Nowicki filed the Final Amended Complaint, alleging therein: abuse of process, wrongful use of civil proceedings, civil conspiracy, racketeer influenced and corrupt organization, civil rights violations, breach of contract, and violations of the implied duty of good faith and fair dealing. Defendants filed the Preliminary Objections,

4

alleging that Nowicki failed to plead the factual basis to support his claims, and requested oral argument, which the trial court held on August 16, 2019. After hearing argument, during which the parties made admissions and concessions, the trial court entered an order (Order) directing Nowicki to file a concluding memorandum of law that focused on two remaining issues: (1) whether the allegations in the Final Amended Complaint state a cause of action for a civil rights violation; and (2) whether specific language in the Final Amended Complaint alleges sufficient facts to support a claim that there was a breach of an oral contract. The Order also directed Defendants to file their responses seven days thereafter, focusing on whether Nowicki pled sufficient facts.

On October 22, 2019, after consideration of Defendants' Preliminary Objections, Nowicki's response thereto, oral argument, and subsequent concluding briefs from the parties, the trial court sustained Defendants' Preliminary Objections, striking all claims and dismissing Nowicki's Final Amended Complaint in its entirety.

On October 31, 2019, Nowicki filed a Motion/Petition for Reconsideration, asserting therein that the trial court's dismissal of his Final Amended Complaint at the preliminary objection stage of the litigation was a manifest injustice. On November 8, 2019, the trial court denied Nowicki's Motion/Petition for Reconsideration. On November 20, 2019, Nowicki appealed to this Court.[3] On December 10, 2019, Nowicki filed his Concise Statement of Errors Complained of on Appeal in accordance with Pennsylvania Rule of Appellate Procedure (Rule) 1925(b). On March 16, 2020, the trial court issued its opinion.

---

[3] "'When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary.' *Young v. Estate of Young*, 138 A.3d 78, 84 (Pa. Cmwlth. 2016)." *Renner v. Court of Common Pleas of Lehigh Cnty.*, 195 A.3d 1070, 1073 n.7 (Pa. Cmwlth. 2018), *aff'd*, 234 A.3d 411 (Pa. 2020).

**Discussion**

Before addressing the merits of Nowicki's appeal, this Court must determine whether, by failing to adhere to Rules 2118 and 2119 in the submission of his brief to this Court, Nowicki waived his claim that the trial court erred by sustaining the Defendants' Preliminary Objections.

Rule 2118 provides: "The summary of argument shall be a concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118. Rule 2119 requires, in relevant part:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and *shall have at the head of each part*--in distinctive type or in type distinctively displayed--*the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent*.
>
> **(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with [Rule] 126 governing citations of authorities.
>
> **(c) Reference to record.** *If reference is made to the pleadings*, evidence, charge, opinion or order, or any other matter appearing in the record, *the argument must set forth*, in immediate connection therewith, or in a footnote thereto, *a reference to the place in the record where the matter referred to appears* (*see* Pa.R.A.P. 2132).
>
> **(d) Synopsis of evidence.** *When* the finding of, or *the refusal to find, a fact is argued, the argument must contain* a synopsis of all the evidence on the point, with *a reference to the place in the record where the evidence may be found*.

Pa.R.A.P. 2119 (italic and underline emphasis added).

Here, the entirety of Nowicki's Summary of Argument is as follows: "The trial [c]ourt erred when it issued its[] [o]rder on October 22, 2019, which

6

sustained the Preliminary Objections of all of the Defendants. The result of the trial [c]ourt's [o]rder resulted in a manifest injustice to the Plaintiff [Nowicki]." Nowicki Br. at 6 (internal record citation omitted). In the Argument section of his brief, consisting of 21 sentences, *see* Nowicki Br. at 7-9, in which Nowicki recites a partial procedural history of the case, beginning with the trial court sustaining preliminary objections on December 27, 2018, he then "directs" the Court to read 2 letters without any record citations thereto, Nowicki Br. at 7, and states:

> [Nowicki's] Final Amended Complaint contained 1,116 paragraphs. ([T]he Seventh Amended Complaint contained 384 paragraphs). [Nowicki] pled sufficient facts together with numerous exhibits and incorporated prior cases into the record as if fully set forth herein to prove his case and [sic] should not have been thrown out of court at the [p]reliminary [o]bjection stage of the proceedings.

Nowicki Br. at 7. Nowicki concludes his Argument section: "[Nowicki] hereby incorporates all of his pleadings, exhibits, references and inferences in his Final Amended Complaint as if fully set forth herein." Nowicki Br. at 9.

> Finally, in the brief's Conclusion section, Nowicki declares:
>
> The [trial] court erred when it sustained the Preliminary Objections of all [] Defendants. The Preliminary Objections of all [] Defendants should have been overruled because [Nowicki's] Final Amended Complaint alleged facts together with exhibits sufficient to support his claims and contained inferences that where [sic] reasonably deducible [therefrom].
>
> For the reasons set forth above[,] the [trial] court's ruling should be reversed.

Nowicki Br. at 10.

> '[T]his Court has held that any party to an appeal before [it] who fails to strictly comply with all provisions of the Pennsylvania Rules of Appellate Procedure . . . is in peril

7

of having its appeal dismissed; nevertheless, the Court will consider the defect and whether meaningful review has been precluded.' *Union Twp. v. Ethan Michael, Inc.*, 979 A.2d 431, 436 (Pa. Cmwlth. 2009). Thus, **this Court may waive even** '**egregious violations**' **of the appellate rules when the errors** '**do not substantially interfere with our review of the appellate record**.' *Seltzer v. Dep't of Educ.*, 782 A.2d 48, 53 (Pa. Cmwlth. 2001). This Court has deemed meaningful review of the merits possible when it [can] discern a pro se appellant's argument, or where the interests of justice require it. *See Woods v. Office of Open Records*, 998 A.2d 665 (Pa. Cmwlth. 2010) . . . . Moreover, we can limit our review to those cognizable arguments we can glean despite the brief's noncompliance. *See Woods*; *Commonwealth v. Adams*, 882 A.2d 496 (Pa. Super. 2005).

*Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 426 (Pa. Cmwlth. 2012) (emphasis added).

Here, Nowicki's "'egregious violations' of the appellate rules . . . , 'substantially interfere with our review of the appellate record.'" *Richardson*, 54 A.3d at 426 (quoting *Seltzer*, 782 A.2d at 53).

The Pennsylvania Supreme Court has explained:

Our rules of appellate procedure are explicit that the argument contained within a brief must contain 'such discussion and citation of authorities as are deemed pertinent.' Pa.R.A.P. 2119(a). '[**W**]**here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived**. It is not the obligation of [an appellate court . . .] to formulate [a]ppellant's arguments for him.' *Commonwealth v. Johnson*, . . . 985 A.2d 915, 924 ([Pa.] 2009) (internal citations omitted). Moreover, because the burden rests with the appealing party to develop the argument sufficiently, an appellee's failure to advocate for waiver is of no moment. *See Connor v. Crozer Keystone Health Sys.*, 832 A.2d 1112, 1118 (Pa. Super. 2003).

8

*Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) (emphasis added).

Here, Nowicki's brief "fails to provide any discussion of a claim with citation to relevant authority [and] fails to develop the issue in any other meaningful fashion capable of review." *Wirth*, 95 A.3d at 837. Due to the defects in Nowicki's brief that "substantially interfere with our review of the appellate record," *Richardson*, 54 A.3d at 426, Nowicki has waived his claim that the trial court erred by sustaining Defendants' Preliminary Objections.[4] Accordingly, this Court quashes Nowicki's appeal. *See* Rule 2101 (If the defects in the appellant's brief are substantial, the appeal may be quashed.).

For all of the above reasons, Nowicki's appeal is quashed.


_____
ANNE E. COVEY, Judge

---

[4] In addition, Nowicki failed to comply with Rule 2117(a)(1), which mandates that the Statement of the Case shall contain "[a] statement of the form of action, followed by a brief procedural history of the case." Pa.R.A.P. 2117(a)(1). Nowicki's Form of Action and Procedural History stated in its entirety:

> On March 12, 2015[,] Plaintiff, Allan J. Nowicki commenced this law suit by filing a Writ of Summons in the Bucks County Court of Common Pleas [trial court]. Plaintiff ultimately filed his Complaint and Amended Complaint(s). The docket entries of the Bucks County Court of Common Pleas in case number 2015-01776 correctly describes the history of the case.

Nowicki Br. at 5.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Allan J. Nowicki,<br><br>               Appellant<br><br>       v.<br><br>Tinicum Township, Bucks County, Pa., Nicholas Forte, Tinicum Township Supervisor, Nicholas Forte, Linda M. McNeill, Tinicum Township Manager, Linda M. McNeill, Stephen B. Harris, Esquire, Harris and Harris, Township Solicitor Tom Fountain, P.E., Keystone Municipal Engineering, Inc., Township Engineer Shawn McGlynn, Keystone Municipal Services, LLC, Boyce Budd, Gary V. Pearson, Delaware Valley Landscape Stone, Inc., Joseph Busik, J. Kevan Busik, Keith Keeping, Bunnie Keeping<br><br>       v.<br><br>Eastburn and Gray, P.C., Michael J. Savona, Michael E. Peters, Esquire, Michael T. Pidgeon, Esquire, James J. Sabath, James J. Sabath, Chief of Police | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    No. 1749 C.D. 2019<br>: |

# O R D E R

AND NOW, this 8th day of December, 2020, Allan J. Nowicki's appeal from the Bucks County Common Pleas Court's October 22, 2019 order is QUASHED.

_____<br>
ANNE E. COVEY, Judge
