J-A24004-21

2021 PA Super 233

| | | |
|---|---|---|
| STEWART KRAMER AND VALERIE CONICELLO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE CO. AND LAURIE CRUZ, ADMINISTRATOR FOR THE ESTATE OF MICHAEL T. MURPHY, JR., DECEASED, AND ADAM KRAMER | : | No. 726 EDA 2021 |
| | : | |
| APPEAL OF: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | : | |

Appeal from the Order Entered February 19, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2020-17901

BEFORE:  LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:                    Filed: December 2, 2021

Nationwide Property and Casualty Insurance Co. (Nationwide) appeals the order of the Court of Common Pleas of Montgomery County (trial court) granting summary judgment to Stewart Kramer and Valerie Conicello (the parents) and ordering Nationwide to provide a defense to the parents in an underlying action concerning the death of Michael T. Murray, Jr. (decedent). From our review of the pertinent facts and applicable law, we find that the

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial court did not err in its determination that Nationwide has a duty to defend. Accordingly, we affirm.

## I.

In 2018, the parents' son, Adam Kramer (Kramer), hosted the decedent in the parents' home while they were out of town. Early in the morning on September 5, 2018, the decedent was found dead and a coroner later determined that the cause of death was a drug overdose.

The decedent's mother, Laurie S. Cruz (Cruz), filed a wrongful death and survival action against the parents and their son, Kramer. Cruz alleged that at the time he hosted the decedent, Kramer was widely known to use and sell controlled substances. Cruz asserted further that Kramer was negligent in supplying the decedent with the drugs that caused his overdose. Relatedly, Cruz alleged in both the survival and wrongful death claims that the parents were negligent in allowing Kramer to use their home for such illicit activities. *See* Civil Complaint, 9/4/2020, at Paragraphs 29-48.

The wrongful death count included a demand for damages by the beneficiaries of the decedent's estate, including the decedent's parents. *Id*. at Paragraph 38. The survival action included a demand for recovery of the decedent's damages based on his "sustained pain and suffering prior to his untimely death." *Id*. at Paragraph 48.

Nationwide was the parents' home insurer at all relevant times, but it refused to provide them with a legal defense. In the policy, "Coverage E –

Personal Liability" provides that Nationwide must "pay damages an insured is legally obligated to pay due to an occurrence resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property." Additionally, Nationwide would "provide a defense at [its] expense by counsel of [its] choice."

In contending that it did not have to provide a defense, Nationwide relied on coverage exclusions in the policy which apply when certain damages arise from criminal conduct or the use of controlled substances. Only the controlled substance exclusion is pertinent to this appeal, and it reads as follows:

**SECTION II - LIABILITY EXCLUSIONS**

1. **Coverage E — Personal Liability** . . . [does] not apply to bodily injury or property damage:

. . . .

m) resulting from the use, sale, manufacture, delivery, transfer or possession by a person of a controlled substance(s) as defined by Federal Food and Drug Law (21 U.S.C.A. Sections 811 and 812). Controlled substances include but are not limited to: cocaine; LSD; marijuana; and all narcotic drugs.

This exclusion 1.m) does not apply to the legitimate use of prescription drugs by a person following orders of a licensed physician.

Section II of the parents' policy defines "bodily injury" for present purposes as:

bodily harm, including resulting care, sickness or disease, loss of services or death. Bodily injury does not include emotional

distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless [it is a] direct result of bodily harm.

Disagreeing with Nationwide's interpretation of the exclusion, the parents filed a declaratory judgment action seeking to compel Nationwide to provide them with a defense in the underlying action.

Both parties filed cross-motions for summary judgment. The trial court granted parents' motion for summary judgment and denied Nationwide's cross-motion, finding that Nationwide has a duty to defend. The trial court reasoned that the controlled substance exclusion did not apply because the parents' alleged liability in the underlying action was rooted in negligence, which was distinct from the type of occurrence contemplated by the exclusion. *See* Trial Court Opinion, 5/13/2021, at 5-6.

In its single ground on appeal, Nationwide challenges the trial court's interpretation of the exclusion in the parents' policy:

Did the trial court err in ordering Nationwide to provide a defense to [the parents] in the underlying lawsuit where a controlled substances exclusion in the insurance policy at issue, which excludes coverage for bodily injury resulting from the use of a controlled substance, precludes such a defense when the decedent in the underlying action was alleged to have died solely from the use of heroin, fentanyl and benzodiazepines?

Appellant's Brief, at 4 (numbering omitted).

In response, the parents contend that the trial court correctly interpreted the policy as a matter of law. They further argue that Nationwide's appeal should be quashed because the trial court's order granting declaratory relief is not final or immediately appealable.

- 4 -

## II.

## A.

First, we find that the present appeal is immediately reviewable. Pennsylvania Rule of Appellate Procedure 311(a)(8) affords a party the right to appeal as of right "an order that is made final or appealable by statute . . . even though the order does not dispose of all claims and of all parties."  The Pennsylvania Declaratory Judgments Act, 42 Pa.C.S. § 7532, deems an order final and appealable if it either affirmatively or negatively declares "rights, status, and other legal relations whether or not further relief is or could be claimed."  Here, the order in dispute constitutes a declaration of the parties' respective rights under the Nationwide policy.[1]  Accordingly, Nationwide is entitled to immediate review.

---

[1] Summary judgment is proper when there is no genuine issue of material fact as to elements of a cause of action or the available defenses to such claims. **See** Pa.R.C.P. 1035.2(1).  "Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law."  **Wright v. Misty Mountain Farm, LLC**, 125 A.3d 814, 818 (Pa. Super. 2015).  The interpretation of the contractual language in an insurance policy is a pure issue of law which we review under a *de novo* standard.  **See Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.,** 908 A.2d 888, 893 (Pa. 2006) ("The interpretation of an insurance contract is a question of law, our standard of review is *de novo,* thus, we need not defer to the findings of the lower tribunals.  Our scope of review, to the extent necessary to resolve the legal question before us, is plenary.").

**B.**

We now turn to the substantive issue of whether Nationwide has a duty to defend the parents in the underlying action.

An insurer's duty to defend arises from its obligation to pay out on a claim asserted against the insured if there is a finding of liability for damages. *See American Nat. Property and Cas. Companies v. Hearn*, 93 A.3d 880, 883-84 (Pa. Super. 2014). That is, an insurer's duty to defend flows "from a determination that the [underlying complaint against an insured] triggers coverage." *Hearn*, at 884 (quoting *Indalex, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, 83 A.3d 418, 421 (Pa. Super. 2013)); *see also J.H. France Refractories v. Allstate Ins. Co.*, 626 A.2d 502, 510 (Pa. 1993) (same); *Penn-Am. Ins. Co. v. Peccadillos, Inc.*, 27 A.3d 259, 264-65 (Pa. Super. 2011) (same).

For as long as an insurer is potentially obligated to pay damages flowing from at least one claim in the underlying action, the insurer must provide a defense for *all* the claims. *See generally American and Foreign Ins. Co. v. Jerry's Sport Center, Inc.*, 2 A.3d 526, 541 (Pa. 2010) ("An insurer is obligated to defend its insured if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy."). "The insurer's duty to defend exists until the claim is confined to a recovery that the policy does not cover." *Id*. at 542 (citing *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987)). "Indeed, the

duty to defend is not limited to meritorious actions; it even extends to actions that are 'groundless, false, or fraudulent' as long as there exists the possibility that the allegations implicate coverage." *Id*. (quoting *Transamerica*, 533 A.2d at 1368).

When interpreting an insurance policy's provisions, including the scope of coverage and the duty to defend, a court must "determine the intent of the parties as manifested by the language of the policy." *Penn. Nat. Mut. Cas. Ins. Co. v. St. John*, 106 A.3d 1, 14 (Pa. 2014). If "the policy language is clear and unambiguous, [then a] court must enforce that language." *Standard Venetian Blind Co. v. American Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983). A policy cannot be interpreted "to mean anything other than 'what it says'" and "[d]isputes over coverage must be resolved only by reference to the provisions of the policy itself." *Clarke v. MMG Ins. Co.*, 100 A.3d 271, 275 (Pa. Super. 2014) (some internal quotations and citations omitted).

"The proper construction of a policy of insurance is resolved as a matter of law in a declaratory judgment action." *Alexander v. CNA Ins. Co.,* 657 A.2d 1282, 1284 (Pa. Super. 1995). "The Declaratory Judgments Act may be invoked to interpret the obligations of the parties under an insurance contract, including the question of whether an insurer has a duty to defend and/or a duty to indemnify a party making a claim under the policy." *Gen. Accident Ins. Co. of America v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997) (citations omitted).

## C.

It is undisputed that Nationwide is bound to pay damages within the policy limit if the damages resulted from the parents' negligent personal acts or negligence arising out of the ownership, maintenance or use of their personal property. In the wrongful death and survival action filed against the parents, the basis of the claims is that the parents were negligent in the ownership, maintenance and use of their home by allowing their son to supply the decedent with controlled substances at the residence. This is generally the type of occurrence that would be covered by the parents' policy, triggering Nationwide's duty to defend the claims.

However, the parents' policy contains an exclusion limiting coverage and the corresponding duty to defend where controlled substances are involved. Section II(1) of the policy excludes personal liability coverage for bodily injury and property damages resulting from:

> Use, sale, manufacture, delivery, transfer or possession by a person of a controlled substance(s) as defined by Federal Food and Drug Law (21 U.S.C.A. Sections 811 and 812). Controlled substances include but are not limited to: cocaine; LSD; marijuana; and all narcotic drugs.

Nationwide Policy, Section II(1)(m). The policy defines "bodily injury" as "bodily harm, including resulting care, sickness or disease, loss of services or death." Nationwide would have no obligation to pay out for such damages if the parents are ultimately found liable for them. Correspondingly, Nationwide

would then have no duty to defend with respect to those discreet classes of damages.

Significantly, though, the wrongful death claim against the parents in the underlying action is not limited to bodily injury, as such damages are defined in the policy. The decedent's family is also potentially seeking other types of damages rooted in its "emotional distress, mental distress or injury, or any similar injury," none of which would be the direct result of bodily harm to the decedent's family itself. **See generally Rettger v. UPMC Shadyside**, 991 A.2d 915, 922 (Pa. Super. 2010) (recognizing that in a wrongful death suit, a family may recover for its emotional and psychological loss).

Since these are the types of damages that do not fall under the ambit of the policy's "bodily injury" definition, the policy's controlled substance exclusion would not apply to them. **See Transamerica Ins. Co.**, 533 A.2d 1363 ("If the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such time as the claim is confined to a recovery that the policy does not cover.").[2]

---

[2] Although the trial court relied on a different rationale in granting the parents' motion for summary judgment in their declaratory judgment action, this Court may affirm the trial court's order on any basis that is supported by the record. **See Connor v. Crozer Keystone Health Sys.**, 832 A.2d 1112, 1117 n.5 (Pa. Super. 2003).

Having construed the relevant portions of the subject policy as excluding coverage as to some, but potentially not all, of the damages sought from the parents, Nationwide would be obligated to pay out on the covered portions of the underlying claims if the parents are ultimately found liable. *See id*. This obligation triggers Nationwide's duty to defend in the underlying action against the parents. *See id*. Accordingly, we affirm the trial court's summary judgment order granting the parents a declaratory judgment as to Nationwide's duty to defend.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/21