[J-39-2023] [MO: Donohue, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| STEWART KRAMER AND VALERIE CONICELLO | : | No. 103 MAP 2022 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Superior Court at No. 726 EDA 2021 |
| v. | : | dated December 2, 2021, |
| | : | reconsideration denied February 10, |
| | : | 2022, Affirming the Order of the |
| NATIONWIDE PROPERTY AND | : | Montgomery County Court of |
| CASUALTY INSURANCE CO. AND | : | Common Pleas, Civil Division at No. |
| LAURIE CRUZ, ADMINISTRATOR FOR | : | 2020-17901 dated February 19, |
| THE ESTATE OF MICHAEL T. MURPHY, | : | 2021 |
| JR., DECEASED, AND ADAM KRAMER | : | |
| | : | ARGUED:  September 12, 2023 |
| | : | |
| APPEAL OF: NATIONWIDE PROPERTY | : | |
| AND CASUALTY INSURANCE COMPANY | : | |

## CONCURRING OPINION

**JUSTICE MUNDY**                                                            **DECIDED:  April 25, 2024**

I agree with the Majority's conclusion that Nationwide did not have a duty to defend Parents in the underlying lawsuit because, under the specific language of the insurance policy at issue, emotional and mental distress damages in the wrongful death claim are not bodily injury.  I highlight that the Court was tasked with interpreting the specific language of the policy and did not address the question of whether emotional distress damages constitute bodily injury more generally.  Unlike the Majority, however, I would grant Parents' request to remand the case to the Superior Court for entry of judgment in favor of Nationwide so Parents can file a petition for allowance of appeal from that order addressing the applicability of the policy's controlled substance exclusion.

The Majority correctly observes the Superior Court did hold, without explanation, that the controlled substance exclusion applied to the claims raised in the underlying lawsuit, with the exception of damages for emotional distress. Maj. Op. at 17 (citing *Kramer v. Nationwide Prop. & Cas. Ins. Co.*, 271 A.3d 431, 436. (Pa. Super. 2021), *appeal granted*, 286 A.3d 711 (Pa. 2022)). That being the case, the Superior Court still affirmed the trial court's summary judgment order granting Parents declaratory judgment as to Nationwide's duty to defend. *Kramer*, 286 A.3d at 437. As such, Parents make a colorable argument that they were the prevailing party before the Superior Court and not aggrieved by its holding. In *Lebanon Valley Farmers Bank v. Commonwealth*, 83 A.3d 107 (Pa. 2013), this Court stated that "[p]rotective cross-appeals by a party who received the relief requested are not favored. As such, a successful litigant need not file a protective cross-appeal on pain of waiver." *Lebanon Valley*, 83 A.3d at 113. The Majority rejects the applicability of *Lebanon Valley*, along with Parents' reliance on *Basile v. H&R Block, Inc.*, 973 A.2d 417 (Pa. 2009) (tax-preparer was not required to file protective cross appeal challenging class certification because it was not an aggrieved party), as those cases concerned Pa.R.A.P. 501 and 511, which govern appeals as of right and related cross-appeals, rather than a petition for allowance of appeal, which is governed by Pa.R.A.P. 1113. Maj. Op. at 17. Instead, the Majority relies on two concurring opinions in *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman PC*, 137 A.3d 1247 (Pa. 2016), to determine that Parents' only avenue for relief is to file a *nunc pro tunc* petition seeking permission to file a petition for allowance of appeal.

In his concurrence in *Meyer Darragh*, however, then-Chief Justice Saylor observed that "[i]t is simply not clear how *Lebanon Valley's* guidance translates … into the discretionary appeals context, where the Court is generally confined according to the issues accepted for review." *Meyer Darragh*, 137 A.3d at 1260 n.2 (Saylor, C.J.,

concurring). The Court has yet to address *Lebanon Valley's* application in circumstances such as this and we did not accept that issue for review in this case. As such, I would not reject *Lebanon Valley's* application out of hand as the Majority does and would leave the Court's consideration of such for another day when the issue is directly before us and fully briefed by the parties. Further, I disagree with the Majority that "*Meyer Darragh* was fair notice to practitioners of the consequences of the failure to file a cross-petition for allowance of appeal[,]" when they obtained the relief they sought below, in this instance affirmance of the trial court's declaratory judgment order. Maj. Op. at 21 n. 18. The majority opinion in *Meyer Darragh* does not address the question at all, as it was not directly before the Court. As for then-Chief Justice Saylor's and then-Justice Todd's concurrences, while they endorsed granting *nunc pro tunc* relief, they did not endorse rejecting a party's remand request as one was not before the Court. To the extent the *Meyer Darragh* concurrences can be read to foreclose such relief, that position is not binding precedent as it did not garner a majority of the Court. *See Mt. Lebanon v. County Bd. of Elections of Allegheny County,*, 368 A.2d 648, 650 (Pa. 1977). Therefore, given the paucity of the Superior Court's explanation for its rejection of Parents' argument that the controlled substance exclusion does not apply, Nationwide's concurrence in Parents' request, and the apparent continued ambiguity in this area, I would grant Parents' request to remand the case to the Superior Court for entry of an order entering judgment in favor of Nationwide and allow Parents to file a petition for allowance of appeal from that order as of right.