J-A28034-19

2020 PA Super 58

| | | |
|---|---|---|
| THOMAS POWERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VERIZON PENNSYLVANIA, LLC, | : | No. 1391 EDA 2018 |
| VERIZON PENNSYLVANIA, INC., | : | |
| VERIZON COMMUNICATIONS, | : | |
| VERIZON COMMUNICATIONS, INC., | : | |
| AND OXFORD LANE COMMUNITY | : | |
| ASSOCIATION | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KOURTNEY CHICHILITTI AND RAJA | : | |
| GALI | : | |

Appeal from the Order Entered April 18, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  August Term, 2017 No. 1977

BEFORE:   PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                **FILED MARCH 11, 2020**

Appellant, Thomas Powers, appeals from the order entered in the Court of Common Pleas of Philadelphia County granting the above-named Appellee, Verizon entities ("Verizon"), its Petition for Forum Non Conveniens to Transfer Venue to Bucks County.  Herein, Appellant contends the court erred in so granting because Verizon failed to establish that the chosen forum of

_____

[*] Former Justice specially assigned to the Superior Court.

Philadelphia was anything more than merely inconvenient. For the following reasons, we affirm.

The trial court provides an apt factual and procedural history, as follows:

On or about March 27, 2016, Appellant, Thomas Powers, suffered personal injuries in front of his home at 415 Elm Circle in Chalfont, Bucks County, Pennsylvania (hereinafter, the "415 Elm Circle Property"). Specifically, Appellant stepped on the lid of a cable service box, his foot entered the box, and it came to rest approximately 18 inches beneath the box's surface. See Appellee's Petition for Forum Non Conveniens to Transfer Venue Pursuant to Pa.R.C.P. 1006(d), ¶ 1.

On or about August 22, 2017, Appellant commenced the underlying action in Philadelphia County by filing his Complaint against Appellee, Verizon Pennsylvania, LLC, and Oxford Lane Community Association (hereinafter, "Oxford Lane"). On December 8, 2017, Oxford Lane filed its Third-Party Joinder Complaint, through which it joined Ms. Kourtney Chichilitti (hereinafter, "Chichilitti") and Mr. Raja Gali (hereinafter, "Gali") as Additional Defendants to the underlying action.

Chichilitti is Appellant's daughter. She resides with Appellant at the 415 Elm Circle Property, and she owns that property. Gali is Appellant's neighbor. He resides at 417 Elm Circle in Chalfont, Pennsylvania (hereinafter, the "417 Elm Circle Property"), and owns that property.

In its Joinder Complaint, Oxford Lane alleged that the subject cable service box is located between the curb and concrete walkway in front of the 417 Elm Circle property, or alternatively that it straddles the shared property line of the 415 and 417 Elm Circle Properties. Accordingly, Oxford Lane claimed that Chichilitti and/or Gali were negligent with regard to the dangerous condition of the cable service box. Id. ¶¶ 3-4.

On December 11, 2017, Appellant filed his Amended Complaint pursuant to the September 14, 2017 Order, which upheld Appellee's Preliminary Objections in part. On February 5, 2018, Apellee filed his Answer to Appellant's Amended Complaint and New Matter Cross-Claim. That same day, Appellee filed its Motion

for Leave to Join Oldcastle Precast, Inc., F/D/B/A Carson Industries, LLC, and Carson Industries, LLC, as Additional Defendants (hereinafter, "Oldcastle" and "Carson Industries"). Carson Industries designed, manufactured, and sold the subject service cable box, while maintaining its registered office in Glendora, California. Sometime after it designed, manufactured, and sold the subject cable service box, Carson Industries merged with into Oldcastle. Oldcastle's registered office is located in Auburn, Washington. Id. ¶ 5

On March 6, 2018, Appellee filed its *Petition for Forum Non Conveniens* to Transfer Venue to Bucks County Pursuant to Pa.R.C.P. 1006(d) (hereinafter "Appellee's Petition"). On March 12, 2018, Oxford Lane filed its Response in Support of Appellant's Petition to Transfer Venue under Pa.R.C.P. 1006(d) (hereinafter, "Oxford Lane's Response"). On March 22, 2018, Appellant filed his Answer to Appellee's Petition (hereinafter, "Appellant's Answer"), as well as his Reply to Oxford Lane's Response in Support of Appellant's Petition. On March 29, 2018, Appellant filed its Reply Brief in Support of its Petition.

On April 18, 2018, [the lower court] issued an Order, which granted Appellee's Petition and transferred this case from the Philadelphia Court of Common Pleas to the Bucks County Court of Common Pleas. On April 20, 2018, Appellant filed his Motion for Reconsideration of the [lower court's] April 18, 2018 Order. On April 23, 2018, [the lower court] denied Appellant's Motion for Reconsideration.

On May 4, 2018, Appellee appealed [the lower court's] April 18, 2018 Order. On May 8, 2018, [the lower court] ordered Appellee to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Civil Procedure 1925(b). On May 23, 2018, Appellee filed its Statement of Matters Complained of on Appeal.

…

[In its Rule 1925(b) statement], Appellant has complained that "[t]he court erred when it granted [Appellee's Petition,] where none of the Defendants sustained their burden of establishing, with detailed facts on the record, that [Appellant's] chosen forum was oppressive or vexatious to them." Appellant's Statement of Matters Complained of on Appeal, at 1-2.

Lower Court's Pa.R.A.P. 1925(a) Opinion, 12/24/18, at 1-3.

In Appellant's brief, he presents the following question for our consideration:

> [Did] the Lower Court abuse[] its discretion when it granted Verizon's petition to transfer this case to the Bucks County Court of Common Pleas on the doctrine of forum *non coveniens* where none of the Defendants sustained their burden of establishing, with detailed facts on the record, that Mr. Powers' chosen forum was oppressive or vexatious to them?

Appellant's brief, at 5.

We review a trial court's order transferring venue due to *forum non conveniens* for an abuse of discretion. ***Walls v. Phoenix Ins. Co.***, 979 A.2d 847, 850 n. 3 (Pa.Super. 2009) (internal citation and quotation marks omitted). We will uphold a trial court's order transferring venue based on forum *non conveniens* "[i]f there exists any proper basis" for the trial court's determination. ***Connor v. Crozer Keystone Health Sys.,*** 832 A.2d 1112, 1116 (Pa.Super. 2003) (internal citation omitted). "[A] trial court's order on venue will not be disturbed if the order is reasonable after a consideration of the relevant facts of the case." ***See Mateu v. Stout***, 819 A.2d 563, 565 (Pa.Super.2003).

Pennsylvania Rule of Civil Procedure Rule 1006 governs venue transfers and provides in pertinent part:

> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

- 4 -

Pa.R.C.P. 1006(d)(1).  In seeking forum transfer under Rule 1006(d)(1), "the defendant must show more than that the chosen forum is merely inconvenient to him[,]"  *Cheeseman v. Lethal Exterminator, Inc.*, 701 A.2d 156, 162 (Pa. 1997) (footnote omitted), as the rule permits transfers only if the chosen forum is oppressive and vexatious for the defendant.  *Bratic v. Rubendall*, 99 A.3d 1 (Pa. 2014).

We acknowledge that a plaintiff's forum choice should be "rarely ... disturbed," is entitled to great weight, and must be given deference by the trial court.  *Wood v. E.I. du Pont de Nemours & Co.*, 829 A.2d 707, 711 (Pa.Super. 2003).[1]  Nevertheless, "a plaintiff's choice of venue is not absolute or unassailable."  *Connor,* 832 A.2d at 1116 (internal citation omitted).

This Court's recent decision *Wright v. Consolidated Rail Corporation*, 215 A.3d 982 (Pa.Super. 2019) we set forth the following principles informing a trial court's review of motions for transfer of venue claiming forum *non conveniens*:

> The doctrine of *forum non conveniens* "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." *Alford*, 531 A.2d at 794 (citation omitted).  The doctrine addresses the issue of plaintiffs bringing "suit in an inconvenient forum in the hope that they will secure easier or larger recoveries or so add to the costs of the defense that the defendant will take a default judgment or compromise for

---

[1] There is no dispute that venue in Philadelphia County, where Verizon is located, is proper.

- 5 -

a larger sum." *Hovatter*, 193 A.3d at 424 (quotation marks and quotation omitted).

> The two most important factors the trial court must apply when considering whether dismissal is warranted are that "1.) the plaintiff's choice of forum should not be disturbed except for 'weighty reasons,' and 2.) there must be an alternate forum available or the action may not be dismissed."

> . . . .

> To determine whether such "weighty reasons" exist as would overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. *Petty v. Suburban General Hospital*, 363 Pa.Super. 277, 525 A.2d 1230, 1232 (1987). The *Petty* Court reiterated the considerations germane to a determination of both the plaintiff's private interests and those of the public as defined by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). They are:

>> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

> ***

>> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation

is piled up in congested centers instead of being handled at its origin.  Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . .

*Hovatter*, 193 A.3d at 424-25 (quotations and citations omitted) [ ].

*Wright* 215 A.3d at 991 (footnote deleted).

In *Bratic*, which sought "to clarify the requirements for transfers based on *forum non conveniens* as expressed in *Cheeseman*," our Supreme Court cautioned against overemphasizing public and private interests to the undue subordination of the ultimate issue, namely whether the chosen forum was vexatious or oppressive:

*Cheeseman* was not intended to increase the level of oppressiveness or vexatiousness a defendant must show; rather, understood in its articulated context, *Cheeseman* merely corrected the practice that developed in the lower courts of giving excessive weight to "public interest" factors when ruling on a forum *non conveniens* motion.  Whatever public interest factors exist, they are not determinative; they are only a factor insofar as they bear directly on the ultimate test.  And while Rule 1006(d)(1) on its face allows transfer based on "the convenience of the parties[,]" Pa.R.C.P. 1006(d)(1), convenience or the lack thereof is not the test our case law has established: the moving party must show the chosen forum is either oppressive or vexatious.

*Bratic*, 99 A.3d at 6, 7–8 (some internal citations omitted).

Like the case *sub judice*, *Bratic* presented the question of whether proposed travel—in that case, from Dauphin County to Philadelphia—was oppressive under Rule 1006.  In the Supreme Court's analysis, it recognized that the burdens of travel and time out of the office increased with the distance traveled.   Relevant to our discussion, the Court distinguished counties

neighboring Philadelphia from more distant counties in making the oppressiveness determination:

> Turning to the instant matter, we find the trial court's proper consideration of the totality of the evidence justified the order to transfer the case. Trial courts are vested with considerable discretion when ruling on such a motion, and "[i]f there exists any proper basis for the trial court's decision to transfer venue, the decision must stand." *Zappala*, at 1284 (citation omitted). The Superior Court's stringent examination in isolation of each individual fact mentioned by the trial court was inconsistent with the applicable standard of review; a ruling on a motion to transfer must be affirmed on appeal "[i]f there exists any proper basis for the trial court's decision[.]" *Id.* (citation omitted).
>
> * * *
>
> If we consider only appellants' seven affidavits [supporting appellants' argument for *forum non conveniens],* there "exists a[ ] proper basis for the ... transfer[.]" *Zappala,* at 1284 (citation omitted). It cannot be said the trial court misapplied the law or failed to hold appellants to their proper burden to establish oppression. *Cf. Catagnus*, at 1264 ("[T]he trial court's failure to hold the defendant to the proper burden constitutes an abuse of discretion." (citation omitted)). While typically the "fact that the site of the precipitating event was outside of plaintiff's choice of forum is not dispositive[,]" *Walls,* at 852 (citations omitted), it is axiomatic that "when the case involves a transfer from Philadelphia to a more distant county ..., factors such as the burden of travel, time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant[.]" *Bratic,* at 505 (Gantman, J., dissenting) (internal citations omitted).
>
> The affidavits here, of course, employed nearly identical language, as the factual basis for each is nearly identical—the oppressiveness of trial 100 miles away, which is manifestly troublesome. The trial judge need not be told like a child how the distance in and of itself makes things more disagreeable and disruptive to the persons obliged to travel. Nor is it a secret requiring iteration that trial in Dauphin County would provide easier access to local appellants and their local witnesses, as well

as the relevant court documents on which the very case is based. Further, given the witnesses' respective job titles, we cannot agree with the Superior Court that the affidavits were insufficient to enable the trial court to intuit the professional oppressiveness, more than inconvenience, that is patent therein.

\* \* \*

**[ ] As between Philadelphia and adjoining Bucks County, the situation in *Cheeseman,* we speak of mere inconvenience; as between Philadelphia and counties 100 miles away, simple inconvenience fades in the mirror and we near oppressiveness with every milepost of the turnpike and Schuylkill Expressway.**

We reaffirm the **Cheeseman** standard, but hold the showing of oppression needed for a judge to exercise discretion in favor of granting a *forum non conveniens* motion is not as severe as suggested by the Superior Court's post-**Cheeseman** cases. Mere inconvenience remains insufficient, but there is no burden to show near-draconian consequences. Although the Superior Court may have reached a conclusion different than the trial court, this does not justify disturbing the ruling; the Superior Court effectively substituted its judgment for that of the trial court, which it may not do. The facts of record allow the finding that trial in Philadelphia would be more than merely inconvenient. As there was clearly a proper evidentiary basis for this conclusion, the trial court did not abuse its discretion in granting the motion transferring the case to Dauphin County.

**Bratic***, **supra***,* at 8–10 (internal footnote omitted) (emphasis added).

In contrast to the manifest burden of travel involved in **Bratic**, which the Supreme Court said required no detailed explanation in a supporting affidavit, here, the burden of travel to Philadelphia from neighboring Bucks County is not manifest. In fact, **Bratic's** application of the **Cheeseman** rationale led it to generally categorize the burden of such a commute as "mere inconvenience," which would require this Court to find erroneous the order granting Appellee Verizon's petition for transfer, unless Verizon had identified

additional burdens associated with the commute demonstrating oppressiveness.

Our Court has identified two examples of such additional burdens that are germane to this matter:

> Oppressiveness requires a detailed factual showing by the defendant that the chosen forum is oppressive to him. Evidence that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute are two examples of such facts. ***Wood v. E.I. du Pont De Nemours and Co.***, 829 A.2d 707, 712 (Pa.Super. 2003) (*en banc).*

***Moody v. Lehigh Valley Hosp.-Cedar Crest***, 179 A.3d 496, 502 (Pa.Super. 2018).

With that standard in mind, we review Verizon's Petition for Forum *Non Conveniens* to Transfer Venue, in which it contended that the present matter had no meaningful connection to Philadelphia County and should be venued, instead, in Bucks County. Initially, we note that the petition's general averment that all individual parties and eyewitnesses to the accident reside in Bucks County implicates only the issue of travel time to Philadelphia, which, on its own, may be viewed as merely inconvenient.

Verizon indicated additionally, however, that the location in question, where relevant Verizon employees and witnesses live, is in northern Bucks County and would involve a commute of over one hour, not accounting for additional rush hour delays. Petition, 3/6/18, at ¶ 8. This is in contrast to an approximately 15 minute commute to the Bucks County Courthouse.

- 10 -

More importantly, the petition stated that if site visits are necessary to resolve the dispute over the exact site of the accident, then venue in Bucks County would provide better access to critical evidence and involve less time away from the courtroom. Also asserted in favor of transfer was the reduction of travel time for medical professional witnesses to Appellant's treatment.

In the trial court's Pa.R.A.P. 1925(a) opinion, it concludes that Appellant expressly admitted the averments regarding the parties' and witnesses' respective places of residence, and it further finds, "Appellant failed to dispute the averments in Verizon's Petition with particularity, and thereby [] Appellant effectively admitted those averments, based on the admissions or general denial contained in Appellant's Answer." Trial Court Opinion, at 7. The court, therefore, concluded that Verizon sustained its burden of establishing the oppressiveness of the chosen forum. *Id*. (relying on two post-*Cheeseman* decisions: *Mateu*, 819 A.2d 536 (Pa.Super. 2003) (transfer granted from Philadelphia to Delaware County where the defendant failed to deny specifically petitioner's assertions that all parties and identified witnesses, including medical witnesses, resided in Delaware County, which thus offered better access to sources of proof); and *Raymond v. Park Terrace Apartments, Inc.*, 882 A.2d 518, 523 (Pa.Super. 2005), (upholding transfer from Philadelphia to Delaware County where plaintiff "essentially admitted that Delaware County would provide easier access to all the sources of proof.")).

- 11 -

Based on our review of the record, and consonant with foregoing authority, we decline to find an abuse of discretion by the trial court in transferring venue from Philadelphia County to Bucks County. The trial court appropriately considered the totality of the record evidence in support of Verizon's argument of forum *non conveniens,* including the residency of various witnesses, and the close proximity of the Bucks County Court of Common Pleas to the premises where Mr. Powers fell. As we discern a reasonable evidentiary basis for the trial court's order transferring venue, we affirm. ***See Mateu****,* 819 A.2d at 567 (finding, "the facts ... present a proper basis for the trial court's decision to transfer venue" where the new venue "would provide easier access to the sources of proof, namely, to the witnesses").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/20