J-A11034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM R. KENDALL AND ANNETTE STEMHAGEN, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 2274 EDA 2021 |
| FORD MOTOR COMPANY AND JAGUAR LAND ROVER NORTH AMERICA, LLC AND FORD MOTOR COMPANY T/D/B/A JAGUAR CARS DIVISION AND JAGUAR CARS C/O FORD MOTOR COMPANY AND FORD MOTOR COMPANY T/D/B/A JAGUAR CARS, INC. AND JAGUAR CARS, INC. C/O FORD MOTOR COMPANY AND FORD MOTOR COMPANY T/D/B/A PREMIER AUTOMOTIVE GROUP AND FORD MOTOR COMPANY T/D/B/A ASTON MARTIN JAGUAR LAND ROVER AND JAGUAR CARS LTD. AND BENNETT JLR, LLC AND BENNETT JLR, LLC T/A JAGUAR ALLENTOWN, LANDROVER ALLENTOWN AND MALONIE MCDONALD AND JOSEPH MCDONALD | : : : : : : : : : : : : : : : : : : | |

Appeal from the Order Entered October 4, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190801452

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED AUGUST 31, 2022**

William R. Kendall and Annette Stemhagen ("Appellants") appeal from

the order transferring venue from Philadelphia County to Bucks County on the

basis of *forum non conveniens*. Appellants assert the trial court utilized the

wrong standard in deciding the motion and abused its discretion in determining that litigating the case in Philadelphia would be oppressive. We affirm.

In August 2017, in Hillstown Township, Bucks County, Malonie McDonald crashed into the driver's side of William R. Kendall's car as he drove into an intersection. Kendall was trapped inside of his vehicle until he was extracted by a rescue crew, and he suffered a traumatic brain injury. Aside from McDonald and Kendall, there were two eyewitnesses to the accident: Kimberly Shoemaker (a passenger in Kendall's car) and Samuel Suder (a bystander).

Appellants sued the manufacturers and retail sellers of Kendall's car, bringing claims of strict liability, negligence, and breach of warranty. Appellants also sued McDonald and her husband, Joseph McDonald, for negligence and loss of consortium. Appellants brought their suit in Philadelphia County.

The McDonalds filed a motion to transfer venue to Bucks County on the basis of *forum non conveniens*. The motion alleged the accident took place in Bucks County, and that "trial in Bucks County would provide easier access to witnesses and other sources of proof." Mot. to Transfer Venue, 6/22/21, ¶¶ 4-5, 35. It further alleged that "[w]ith the exception of [Appellants,] who are Montgomery County residents, all of the potential witnesses . . . either reside and/or work in Bucks County." *Id.* at ¶ 36. According to the motion, "[t]hese witnesses include dozens of first responders and police officers, Kimberly Shoemaker, Samuel Suder, and [the McDonalds.]" *Id.* at ¶ 37. The motion

alleged that Shoemaker, Kendall's passenger, resides in Chester County, and Suder, the bystander, resides in Bucks County when he is not attending graduate school in Georgia. *Id.* at ¶¶ 15-16. The motion stated that the accident was investigated by a local Bucks County police department, and that all three emergency medical service agencies that responded to the accident are located outside of Philadelphia, as is the Lehigh Valley Hospital, where Kendall was transported following the accident. *Id.* at ¶¶ 10-12. The motion also alleged that "it is anticipated that a jury will be asked to view the area of the accident in-person given the layout of the intersection where the accident occurred." *Id.* at ¶ 39.

The motion further argued that the McDonalds are Bucks County residents, and venue in Philadelphia "would be particularly oppressive and burdensome," to them. *Id.* at ¶¶ 17, 38. It alleged the McDonalds' residence is "37.5 miles, or nearly an hour drive, away from City Hall in Philadelphia, but only 12.7 miles, or approximately twenty (20) minutes, away from the Bucks County Courthouse." *Id.* at ¶ 21. According to the motion, "[d]ue to the time and distance it takes to travel to and from Philadelphia, and because of . . . Joseph McDonald's ongoing personal health issues, [the McDonalds] do not travel to Philadelphia for any reason." *Id.* at ¶ 20. The motion asserted that trial in Philadelphia would require the McDonalds to stay in a hotel during the length of trial and "possibly miss important doctors' appointments that may be difficult to reschedule." *Id.* at ¶ 22; *see also id.* at ¶ 38.

Attached to the motion were the unnotarized affidavits of Joseph and Malonie McDonald. Joseph stated that he was 72 years old and has "ongoing personal health issues that make it difficult for [him] to travel long distances or for long periods of time." Affidavit of Joseph McDonald, undated, at ¶ 6. Malonie stated she was 69 years old and responsible for driving her husband to his doctors' appointments and attending them with him. Affidavit of Malonie McDonald, undated, at ¶¶ 5-6. Defendant Jaguar Land Rover North America, LLC joined the motion.

In their response, Appellants asserted that trial in Bucks County would not provide any additional access to evidence or witnesses. They alleged that neither Shoemaker nor Suder reside in Bucks County, and that as Shoemaker admitted at her deposition that she had taken both cocaine and heroin on the day of the collision, she was of minimal relevance as a witness. Mem. of Law in Opp. To Mot. to Transfer Venue, 7/13/2021, at 10-11. Appellants also argued "[t]here has already been significant paper and informal discovery," including "an inspection of the subject car in [Chester County]." *Id.* at 4. Appellants claimed that "accident premises views are rarely necessary," and asserted that medical records are not located in Bucks County and are equally accessible from either venue. They further contended it would be unlikely there would be a need for all emergency responders to testify at trial. *Id.* at 8-10.

The court held a hearing on the motion, at which the McDonalds testified.[1] Malonie testified she is the only driver in the household and is "a country road driver" who is not comfortable driving in the city. N.T., 9/29/21, at 46, 49. She stated she drives north on the Northeast Extension of the Pennsylvania Turnpike approximately every six weeks. *Id.* at 47. She estimated she has not traveled to center city Philadelphia in approximately 10 years. *Id.* at 48. Malonie testified that she has "pinched nerves in [her] back that [she's] being doctored for with a pain management doctor," and has trouble with long drives because when she sits "for a period of time, it's painful when [she gets] out of the car." *Id.* at 51. She stated she has had shots for the pain in the past. *Id.* She testified, "it would be tough to drive back and forth the hour-and-a-half each way," into Philadelphia, and the McDonalds would likely need to get a hotel room for the duration of the trial. *Id.* at 48. She stated staying in Philadelphia would be disruptive to her visits with her son, who comes over for dinner when his wife works 12-hour shifts as a nurse, and that she takes care of her son's dog during the day. *Id.* at 49.

Joseph McDonald testified regarding his medical condition. He is an insulin-dependent diabetic, and injects insulin, which needs constant refrigeration, 3-4 times a day. *Id.* at 53. He has been diagnosed with polyneuropathy, which makes it difficult for him to feel his feet and extremities and limits how far he can walk. *Id.* at 53-54. He suffers from irritable bowl

_____

[1] The hearing was held via video-conferencing.

syndrome ("IBS"), which requires immediate bathroom access. *Id.* at 53.
Joseph said that due to his ailments, "an hour-and-a-half drive into the city,
that alone would preclude [him] from being able to be in attendance." *Id.* at
53.

The court granted the motion, and Appellants appealed. They present
the following issues:

> A. Whether trial court erred, misapplied the law and thereby
> abused its discretion in changing venue under Pa.R.C.P. 4006
> where the moving parties established, at most, inconvenience in
> attending trial in Philadelphia?
>
> B. Whether trial court erred, misapplied the law and thereby
> abused its discretion in transferring venue from Plaintiffs' choice
> of county, Philadelphia, to Bucks County, where the parties
> seeking the transfer failed to establish that litigating the case in
> Philadelphia was "oppressive" to them?
>
> C. Whether trial court erred and abused its discretion in finding
> oppression by reason of Defendant's claimed limitations on access
> to evidence and proofs, where much of the evidence was not
> present in Bucks County, where such evidence as was claimed to
> have been in Bucks County was: in the nature of cumulative
> evidence: where Defendants had already availed themselves of
> key depositions of collision witnesses via video depositions: and
> where defendants already had access to a key item of evidence,
> the Kendall car, which was located in Chester County?

Appellants' Br. at 4-5 (suggested answers omitted).

Appellants first argue the trial court applied the wrong standard in
deciding the motion. They claim that rather than giving great deference to
their choice of forum and granting a transfer only upon a finding that trial in
Philadelphia would be oppressive or vexatious, the court adopted a standard
of mere inconvenience by considering geography as dispositive. *Id.* at 18, 21.

Appellants contend that moreover, geography should weigh in their favor. They assert that the McDonalds only showed that they live 25 minutes closer to the courthouse in Bucks County than to City Hall in Philadelphia and did not establish that travel to Philadelphia would be oppressive. Appellants maintain that this is especially so considering that Philadelphia neighbors Bucks County and there is public transportation between the two, including regional rail lines. Appellants point out that this Court has previously stated that it is "reluctant to transfer cases from Philadelphia to the surrounding counties based on *forum non conveniens*." **Id.** at 20 (quoting **Raymond v. Park Terrace Apartments, Inc.**, 882 A.2d 518, 521 (Pa.Super. 2005)). They contrast the facts of this case with those of **Bratic v. Rubendall**, 99 A.3d 1 (Pa. 2014), which involved the need for seven trial witnesses to make a 100-mile one-way journey to the plaintiffs' chosen forum.

Appellants next argue that the McDonalds' testimony does not support a finding of oppression. They argue the court should not have considered Malonie's testimony that trial in Philadelphia would be disruptive because her son comes to her house for dinner at times, or that Malonie dog-sits for her son during his working hours, as neither circumstance amounts to oppression. Appellants also argue that although Malonie testified that she has pinched nerves in her back that hurt if she drives "for a period of time," she conceded that it would be possible for her "to drive back and forth the hour-and-a-half each day." Appellants' Br. at 24 (citing N.T. at 164, 166). Appellants point out that while Malonie referred to herself as a "country road driver" who is not

comfortable driving in the city, she also testified that she drives on the northeast extension of the turnpike every six weeks. *Id.* at 25-26 (citing N.T. at 163-64). Finally, while Joseph testified to medical conditions that make it difficult for him to travel, Appellants argue that Malonie could drive both of them to the city. In Appellants' view, "these are health problems that [Joseph] would have to live with wherever the trial occurs, whether in Doylestown or Philadelphia." *Id.* at 27.

Appellants further argue that trial in Philadelphia would not prevent access to any evidence. They contend the jury will be unlikely to need to see the site of the accident. *Id.* at 28 (citing *Johns v. First Union Corp.*, 777 A.2d 489, 492 (Pa.Super. 2001)). They argue that the bulk of Kendall's medical records are not located in Bucks County, as his treatment for the subject accident has been in Lehigh, Chester, and Montgomery Counties. They point out that his medical records are electronically accessible, in any event. Appellants further argue that the McDonalds have only identified one police officer whom they might call as a witness and did not establish he would find it oppressive to travel to Philadelphia. They also contend that the testimony of additional emergency personnel would be cumulative. Finally, according to Appellants, the residences of the other witnesses, aside from Malonie, do not weigh heavily in favor of Bucks County—Kendall asserts that he cannot testify due to his brain injury, Shoemaker lives in Chester County, and Suder attends school in Georgia.

We employ an abuse of discretion standard when reviewing a trial court's order transferring venue due to *forum non conveniens*. **Powers v. Verizon Pennsylvania**, 230 A.3d 492, 496 (Pa.Super. 2020). We must affirm the order if there is "any proper basis for the trial court's decision to transfer venue." **Bratic**, 99 A.3d at 8 (citation omitted); **accord Doe v. Bright Horizons Children's Ctr., LLC**, 261 A.3d 1065, 1069 (Pa.Super. 2021), *appeal denied*, No. 521 EAL 2021 (Pa. 2022). "[A] trial court's order on venue will not be disturbed if the order is reasonable after a consideration of the relevant facts of the case." **Powers**, 230 A.3d at 496 (citation omitted).

Upon petition, a court may transfer an action to any other county where it could have originally been brought, "[f]or the convenience of parties and witnesses." Pa.R.C.P. 1006(d)(1). However, a plaintiff's choice of forum "is entitled to great weight," and a defendant seeking such a transfer must establish that the plaintiff's chosen forum is "oppressive or vexatious." **Powers**, 230 A.3d at 496, 498 (quoting **Bratic**, 99 A.3d at 1). It is not sufficient if the defendant shows "mere inconvenience"; at the same time, "there is no burden to show near-draconian consequences." **Id.** at 499 (quoting **Bratic**, 99 A.3d at 10).

In determining whether the defendant has met this burden, the court must consider the private and public interest factors involved in the opposing venues, such as "the relative ease of access to sources of proof," "availability of compulsory process," the "possibility [to] view [the] premises [involved in the dispute]," and the issue of imposing jury duty "upon the people of a

community which has no relation to the litigation." *Id.* at 497 (quoting *Wright v. Consolidated Rail Corporation*, 215 A.3d 982, 991-92 (Pa.Super. 2019)). However, these factors are only relevant "insofar as they bear directly on the ultimate test" of whether the moving defendant has shown the chosen forum to be oppressive or vexatious. *Id.* at 498 (quoting *Bratic*, 99 A.3d at 8).

In *Powers*, this Court affirmed transfer of venue from Philadelphia to Bucks County. We noted that while the travel time between the two counties alone "may be viewed as merely inconvenient" to the defendants, venue in Bucks County would make it easier to access both lay and professional witnesses and the site of the accident in dispute. *Powers*, 230 A.3d at 500. We therefore found no abuse of discretion by the trial court in concluding the defendant sustained its burden in establishing oppressiveness and transferring venue to Bucks County. *Id.; see also Mateu v. Stout*, 819 A.2d 563, 567 (Pa.Super. 2003) (affirming transfer from Philadelphia County to Bucks County where the accident occurred in Bucks County and all the parties, fact witnesses, and medical witness were located outside of Philadelphia County).

Here, the trial court acknowledged that the moving parties bear the burden to establish trial in the plaintiffs' chosen forum would be vexatious or oppressive rather than merely inconvenient. Trial Court Opinion accompanying Order, filed Oct. 4, 2021, at 2 (unpaginated). Relying on *Powers*, the trial court found the applicable standard was met because

(1) travel time for most, if not all, critical witnesses will be reduced by a trial in Bucks County, (2) there will be better access to critical evidence if a site visit is necessary, and (3) travel time for most, if not all, non-party professional witnesses, such as police and fire responding to the scene, will be reduced.

*Id.* at 3. The court observed that the crucial eyewitness, Suder, "could easily be noticed for trial in Bucks County" and that "most of the witnesses are located in Bucks County, whereas no identified witness or item of evidence was within Philadelphia County," and "there is no substantial relationship to any activities, events, or transactions which occurred in Philadelphia County." *Id.* In addition, the court found the McDonalds' testimony "very credible" and concluded that "because of their age and health concerns that travel to Philadelphia County for a lengthy trial would be an unreasonable hardship." *Id.* It stated the concerns voiced by the McDonalds were not "'mere inconvenience,' but under the totality of the circumstances are specific assertions of undue hardship and burden." *Id.* at 4; *see also id.* at 3 (stating "the hardship to [the McDonalds] was more than mere inconvenience").

The trial court did not abuse its discretion. Contrary to Appellants' assertions, the trial court did not employ a standard of mere inconvenience, nor did it find that the distance between Philadelphia and Bucks counties dispositively favored transfer to Bucks County. Rather, the court considered appropriate factors, such as the location of the trial evidence and witnesses, in reaching its conclusion that holding trial in Philadelphia would be oppressive not only for the parties but also for witnesses. The court moreover considered the McDonalds' age and health concerns, which increase their difficulty in

traveling a distance that might only pose an inconvenience to others. These considerations were reasonable and proper, and supported transfer. ***Bratic***, 99 A.3d at 8; ***Powers***, 230 A.3d at 496. Therefore, we affirm the granting of the *forum non conveniens* transfer.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2022