2023 PA Super 218

| | | |
|---|---|---|
| LARRY SMITH AND KELLY SMITH, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1002 EDA 2022 |
| CMS WEST, INC., CMS WEST LLC, CMS WEST PARENT LLC, STONEMOR PARTNERS LP, STONEMOR CEMETERY PRODUCTS LLC, STONEMORE GP LLC, STONEMOR, INC., STONEMOR HOLDING OF PENNSYLVANIA, LLC, STONEMOR OPERATING LLC, STONEMOR, PENNSYLVANIA LLC, STONEMOR PENNSYLVANIA SUBSIDIARY, LLC, CRETEX COMPANIES, INC., ELK RIVER MACHINE COMPANY, SQUARE D COMPANY, SCHNEIDER ELECTRIC USA, INC., SAMPLE, INC., FREDERICK SAMPLE D/B/A SAMPLE, INC., MIDDLE DEPARTMENT INSPECTION AGENCY, INC. AND JOHN DOES (1-20) | : | |

Appeal from the Order Entered April 3, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 200702048

BEFORE: BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

OPINION BY STABILE, J.: **FILED OCTOBER 30, 2023**

Appellants, Larry Smith ("Smith") and Kelly Smith, his wife (collectively, "Appellants"), appeal from the March 7, 2022 order entered in the Court of

---

[*] Retired Senior Judge assigned to the Superior Court.

Common Pleas of Philadelphia County transferring this case from Philadelphia County to Butler County based on *forum non conveniens*. Appellants contend that the trial court abused its discretion in granting the petition to transfer filed by several defendants named in Appellants' suit for damages relating to a hand amputation sustained by Smith at a cement facility in Butler County.[1]

The trial court offered the following background, based on the allegations set forth in Appellants' Amended Complaint:

> On August 8, 2018, [Smith] was working as a lawful business invitee at the Semper Concrete facility owned and operated by [CMS West], located at 858 New Castle Road, Butler, PA 16001. On that day, [Smith] was operating a batching and mixing cement system (hereinafter "cement mixer"). As part of the cement mixer's operation, users were required to intermittently use a hand scraper to remove concrete build-up from the mixing paddles inside the cement mixer while the mixer was energized and running. While following the facility's approved cement mixer cleaning procedures, the cement mixer amputated [Smith's] right hand.

Trial Court Opinion, 9/2/22, at 1-2 (citations to Amended Complaint omitted).

Appellants initiated the instant action by complaint filed on July 30, 2020 in the Court of Common Pleas of Philadelphia County, alleging, *inter alia*, negligence and strict liability. Various defendants filed preliminary objections

---

[1] The motion was filed by the following defendants named in Appellants' suit: Middle Department Inspection Agency, Inc. ("MDIA"); StoneMor Operating, LLC, StoneMor Pennsylvania, LLC, StoneMor Pennsylvania Subsidiary, LLC, StoneMor, Inc., StoneMor Partners LP, StoneMor Cemetery Products, LLC, StoneMor GP, LLC, and StoneMor Holding of Pennsylvania, LLC (collectively "StoneMor"); and CMS West, Inc., CMS West Parent, LLC, and CMS West, LLC, (collectively "CMS West"). We refer to all of these parties collectively as "Appellees."

challenging both personal jurisdiction and venue. By orders entered on February 9, 2021, the trial court sustained preliminary objections of just one defendant (Cretex Companies, Inc.) and dismissed that defendant based on lack of personal jurisdiction. All other preliminary objections were overruled.[2]

On July 8, 2021, MDIA, StoneMar, and CMS West jointly filed a petition to transfer venue for *forum non conveniens* pursuant to Pa.R.Civ.P. 1006(d)(1), seeking transfer to Butler County. As the trial court recounted:

> In [Appellees'] petition, [Appellees] included the affidavits/certifications of four (4) witnesses who all explained that traveling from Butler County to Philadelphia County would present hardships. During the pendency of the petition to transfer, this court also considered a separate discovery motion in which defense counsel sought a protective order to prohibit [Appellants'] counsel from taking "venue-related" depositions of a group of witnesses that [Appellants] sought to depose in order to counter the hardships presented in [Appellees'] petition to transfer. [On October 28, 2021, this] court denied [Appellees'] motion for protective order and further ordered that [Appellants] were allowed to submit, within thirty (30) days of the order, up to six (6) affidavits of witnesses of their choosing to present to the court in its consideration of the motion to transfer. [Appellants'] counsel, thereafter, submitted three (3) deposition transcripts and

---

[2] Pennsylvania Rule of Civil Procedure 1028(a)(1) authorizes the filing of preliminary objections based on, *inter alia*, improper venue. However, "[o]f the three grounds available to challenge venue, only improper venue may be raised by preliminary objection as provided by Rule 1006(e). *Forum non conveniens* and inability to hold a fair and impartial trial are raised by petition as provided by Rule 1006(d)(1) and (2)." Pa.R.Civ.P. 1028 (a)(1), Note. Therefore, *forum non conveniens* was not before the trial court when it ruled on the defendants' preliminary objections.

one (1) affidavit of witness to establish that Philadelphia was a more convenient forum. This court, considering the entire record, found that the witnesses presented by [Appellees] in the petition to transfer would suffer substantial hardships both monetary and/or hardships due to medical reasons. This court decided that Philadelphia County was, in fact, an oppressive and vexatious forum and entered an order on March [7], 2022, transferring the matter to Butler County.

*Id.* at 2-3 (unnecessary capitalization omitted).

Appellants filed a motion for reconsideration, proposing four alternative forms of relief as follows:

(1) to vacate the March [7], 2022 order and deny the petition to transfer, (2) to vacate the March [7], 2022 order and schedule oral arguments on the issue of *forum non conveniens*, (3) to vacate the March [7], 2022 order and allow [Appellants] to take additional depositions related to the issue of *forum non conveniens*, or (4) to vacate the March [7], 2022 order and order the matter transferred to Allegheny County.

*Id.* at 3. By order entered on April 5, 2022, the trial court denied reconsideration. In the interim, Appellants filed a timely notice of appeal on April 1, 2022. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants present two issues for our consideration, which we have reordered for ease of discussion:

1. Whether the trial court abused its discretion or erred as a matter of law in granting [Appellees'] motion to transfer venue for *forum non conveniens* based on the inconvenience affidavits of a mere four individuals in a complex case certain to have dozens of witnesses, where [Appellants'] evidence in opposition – even in the absence of being able to engage in the discovery that is routinely allowed in these matters – demonstrated that Philadelphia County was much more

- 4 -

convenient than Butler County for far more than four other likely witnesses?

2. Whether the trial court abused its discretion or erred as a matter of law in failing to allow [Appellants] to take the targeted *forum non conveniens* depositions that Pa.R.Civ.P. 206.7(d) authorizes to create the factual record necessary to fully and fairly oppose [Appellees'] motion to transfer venue for *forum non conveniens* from [Appellants'] chosen forum of Philadelphia County to Butler County, Pennsylvania?

Appellants' Brief at 6-7.

As this Court reiterated in **Powers v. Verizon Pennsylvania, LLC**, 230 A.3d 492 (Pa. Super. 2020), "We review a trial court's order transferring venue due to *forum non conveniens* for an abuse of discretion." **Id.** at 496 (citing **Walls v. Phoenix Ins. Co.**, 979 A.2d 847, 850 n.3 (Pa. Super. 2009)). "An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary." **Wright v. Consolidated Rail Corp.**, 215 A.3d 982, 990 (Pa. Super. 2019) (citation omitted).

In **Powers**, we explained:

We will uphold a trial court's order transferring venue based on forum *non conveniens* "[i]f there exists any proper basis" for the trial court's determination. **Connor v. Crozer Keystone Health Sys.**, 832 A.2d 1112, 1116 (Pa. Super. 2003) (internal citation omitted). "[A] trial court's order on venue will not be disturbed if the order is reasonable after a consideration of the relevant facts of the case." **See Mateu v. Stout**, 819 A.2d 563, 565 (Pa. Super. 2003).

***Powers***, 230 A.3d at 496. We further acknowledged that "a plaintiff's forum choice should be 'rarely . . . disturbed,' is entitled to great weight, and must be given deference by the trial court." ***Id.*** (quoting ***Wood v. E.I. du Pont de Nemours & Co.***, 829 A.2d 707, 711 (Pa. Super. 2003)). Nevertheless, "a plaintiff's choice of venue is not absolute or unassailable." ***Id.*** at 496-97 (quoting ***Connor***, 832 A.2d at 1116) (internal citation omitted).

With these standards in mind, we turn to Appellants' first issue in which they assert that the trial court abused its discretion by granting Appellees' petition to transfer. They contend that the trial court's ruling was "based on the inconvenience affidavits of a mere four individuals" despite Appellants' evidence in opposition, which "demonstrated that Philadelphia County was much more convenient than Butler County for far more than four other likely witnesses." Appellants' Brief at 7. To put Appellants' issue in context, we must begin with Pa.R.Civ.P. 1006, which governs venue transfers and provides in relevant part:

> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.Civ.P. 1006(d)(1).[3] As this Court recognized in ***Powers***,

> [i]n seeking forum transfer under Rule 1006(d)(1), "the defendant must show more than that the chosen forum is merely

---

[3] There is no dispute that this action could have been initiated in Butler County as the county where the cause of action arose. Pa.R.Civ.P. 1006(a)(2).

inconvenient to him[,]" ***Cheeseman v. Lethal Exterminator, Inc.***, 549 Pa. 200, 701 A.2d 156, 162 (1997) (footnote omitted), as the rule permits transfers only if the chosen forum is oppressive and vexatious for the defendant. ***Bratic v. Rubendall***, 626 Pa. 550, 99 A.3d 1 (2014).

***Powers***, 230 A.3d at 496.

In ***Bratic***, our Supreme Court noted that in ***Cheeseman***, decided 17 years earlier, the Court had "clarified the factors on which a trial court may rely when ruling on a *forum non conveniens* motion, holding a petition to transfer venue should be granted only if the defendant 'demonstrat[es], with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant.'" ***Bratic***, 99 A.3d at 7 (quoting ***Cheeseman***, 701 A.2d at 162). The Court recognized that

> the defendant may meet his burden by establishing . . . [that] trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

***Id.*** (quoting ***Cheeseman***, 701 A.2d at 162). Moreover, "while Rule 1006(d)(1) on its face allows transfer based on 'the convenience of the parties[,]' Pa.R.C.P. 1006(d)(1), convenience or the lack thereof is not the test our case law has established: the moving party must show the chosen forum is either oppressive or vexatious." ***Id.*** at 8. And, again, trial courts "are vested with considerable discretion when ruling on a such a motion, and '[i]f there exists any proper basis for the trial court's decision to transfer

venue, the decision must stand.'" *Id.* (quoting *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)).

Here, although the trial court indicated that it considered the entire record, it specifically addressed the four affidavits submitted in support of Appellees' petition to transfer. The affidavits were sworn out by Richard Round, John Donley, Daniel Rager, and Dale Robertson.

Richard Round was a building code inspector for MDIA who conducted the inspection of the cement facility in 2005. He explained that traveling more than 300 miles from his Butler County residence would cause significant financial hardship and would interfere with family obligations. Trial Court Opinion, 9/2/22, at 4-5.

John Donley was the manager of the Semper Concrete facility at the time of Smith's injury. In his affidavit, he explained that traveling to Philadelphia would present a hardship because he is the primary caregiver for his wife who suffers from coronary heart disease. *Id.* at 5.

Daniel Rager was the foreman at Semper Concrete on the day of Smith's injury. Furloughed after that day, traveling to Philadelphia would present a financial hardship for him. *Id.* Moreover, as Appellees note, Donley and Rager "are central witnesses in the case. Indeed, both men were present when the accident occurred, the OSHA investigation worksheet refers **only** to them. [Smith's] own handwritten statement submitted to OSHA identifies **only** them, and [Smith's] own discovery responses identify Mr. Donley far more

often than anyone else as a crucial witness." Appellees' Brief at 19 (emphasis in original) (references to reproduced record omitted).

Finally, Dale Robertson was a laborer at Semper Concrete on the date of the accident. His affidavit reflected that he had been unemployed due to COVID-19 and that traveling to Philadelphia would present a financial hardship to him and would cause him to incur costs that would put undue financial strain on him. Trial Court Opinion, 9/2/22, at 5.

The trial court indicated that, based on the four affidavits, "it was clear" that all four defense witnesses would "experience undue hardships if required to travel to Philadelphia County for trial instead of Butler County." *Id.* However, the court also considered three deposition transcripts and an affidavit presented by Appellants in opposition to Appellees' assertion of hardship. The first deposition was of James Kuntz, an Area Vice-President for StoneMor, who testified that despite living about two miles from the Butler County line, traveling to Philadelphia for trial would not present a hardship because he travels to Philadelphia on a regular basis. *Id.* (citation to deposition testimony omitted). Amy Green, Director of Safety and Compliance for StoneMor, testified that traveling to Philadelphia would not create a hardship for her, but later indicated she did not care whether she testified in Philadelphia or Butler County. *Id.* at 6. StoneMor employee, Marc Bing-Zaremba, testified that traveling to Philadelphia would not be a hardship for him. *Id.* Finally, by affidavit, StoneMor executive Mark Miller, who is expected

to testify about various StoneMor entities and the manner in which they conduct business, *see* Appellants' Supplemental Response in Opposition to Petition to Transfer, 10/21/21 (R. 860a), indicated that it would be "oppressive, vexatious, and inconvenient" for him to appear in Butler County. Trial Court Opinion, 9/2/22, at 6.

Although the trial court considered the representations by various potential StoneMor witnesses who indicated that traveling to Philadelphia would not be a hardship, the court concluded that "the hardships presented by [Appellees'] witnesses formed a sufficient basis to transfer the matter to Butler County." *Id.* While all four of Appellees' witnesses presented sufficient information for the court to "determine the veracity and weight of the financial and/or personal hardships that traveling from Butler County to Philadelphia would present to each witness," Appellants' supplemental deposition transcripts and the Miller affidavit "did little to convince this court that [Appellants'] selected witnesses would encounter hardships if required to travel to Butler County." *Id.*

We find no abuse of discretion in the trial court's grant of Appellees' petition to transfer. In fact, we find it consistent with our Supreme Court's decision in *Bratic*, which recognized that "distance alone is not dispositive, but it is inherently part of the equation." *Bratic*, 99 A.3d at 9. As our Supreme Court observed:

> While typically the fact that the site of the precipitating event was outside of plaintiff's choice of forum is not dispositive, it is

- 10 -

axiomatic that when the case involves a transfer from Philadelphia to a more distant county . . ., factors such as the burden of travel, time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant.

*Id.* (internal quotations and citations omitted). While **Bratic** involved a transfer from Philadelphia County to Dauphin County, a distance of approximately 100 miles, the instant case involves a transfer from Philadelphia County to Butler County, "the site of the precipitating event," *id.*, a distance of approximately 300 miles. As the Court noted in **Bratic**, "As between Philadelphia and adjoining Bucks County, the situation in **Cheeseman**, we speak of mere inconvenience; as between Philadelphia and counties 100 miles away, simple inconvenience fades in the mirror and we near oppressiveness with every milepost of the turnpike and Schuylkill Expressway." *Id.* at 10.

If inconvenience fades in the mirror and oppressiveness nears in that 100-mile stretch between Philadelphia and Harrisburg, oppressiveness is certainly reached before someone embarks on a 300-mile journey leaving from Bulter, traveling past Bedford, Breezewood, and through the turnpike's tunnels, before reaching Harrisburg, with another 100 miles still to go before arriving in Philadelphia.

We find that the trial court properly exercised its considerable discretion when, after considering the entire record, it determined that Appellees carried their burden of demonstrating oppressiveness warranting the transfer of this

- 11 -

case to Butler County.[4]  Because a proper basis exists for the trial court's decision to transfer venue, that decision must stand.  ***Bratic***, 99 A.3d at 8. Appellants' first issue fails.

Appellants next ask whether the trial court abused its discretion by failing to permit Appellants to undertake additional discovery.  Specifically, Appellants contend that the trial court abused its discretion or committed error of law by failing to issue a rule to show cause in response to Appellees' petition to transfer venue and by "failing to allow [Appellants] to take the targeted *forum non conveniens* depositions that Pa.R.Civ.P. 206.7(d)[5] authorizes to create a factual record necessary" to oppose Appellees' petition to transfer venue.  Appellants' Brief at 6.  Appellants' argument is premised on its erroneous interpretation of Rule 206.1 as a rule applicable to a petition to transfer venue.

Rule 206.1(a) provides as follows:

(a)    As used in this chapter, "petition" means

(1)    an application to strike and/or open a default judgment or a judgment of non pros, and

---

[4] In the Conclusion to its opinion, the court reiterated the deference granted to trial courts in ordering a transfer; noted that Appellees satisfied their burden of demonstrating oppressiveness; and indicated it considered the entire record in rendering its decision.  Trial Court Opinion, 9/2/22, at 8.

[5] Pa.R.Civ.P. 206.7(d) provides that "[t]he respondent may take depositions, or other such discovery as the court allows."

> (2)  any other application which is designated by local rule, numbered Local Rule 206.1(a), to be governed by Rule 206.1 *et seq.*
>
> *Note:* A petition for relief from a judgment by confession is governed by Rule 2959.
>
> Motions are governed by Rule 208.1 *et seq.*
>
> **Rule 206.1(a)(2) authorizes each court of common pleas to designate applications which are to proceed in the manner of a petition under Rule 206.1 *et seq.* Rule 239.2(a) requires each court which has made that designation to promulgate a local rule, numbered Local Rule 206.1(a), listing the applications to be determined pursuant to Rule 206.1 *et seq.***

Pa.R.Civ.P. 206.1(a) (emphasis added).  The petition at issue here is clearly not an application to strike and/or open a default judgment or a judgment of non pros under Rule 206.1(a)(1).  Therefore, we consider whether the Court of Common Pleas of Philadelphia County has designated a petition to transfer venue as a "petition" under Rule 206.1(a)(2).  If so, then Rule 206.6(a) dictates that "[a] rule to show cause shall be issued as of course upon the filing of the petition."

In accordance with Rule 239.2(a), Philadelphia County has promulgated Local Rule 206.1(a) (Designation of Petitions), which provides:

> (1) In addition to petitions to open default judgment and petitions to open judgment of non pros, the following applications are designated "petitions" and are governed by the procedures set forth in Pa.R.C.P. 206.1 *et seq*.:
>
> > (i) Petition to Appoint Arbitrator;
> > (ii) Petition to Appoint A Receiver;
> > (iii) Petition to Compel Arbitration;
> > (iv) Petition to Confirm Arbitration Award;

      (v) Petition to Confirm Settlement;
      (vi) Petition for Contempt;
      (vii) Petition to Set Aside Arbitration Award;
      (viii) Statutory Petitions; and
      (ix) Petition to Appoint a Sequestrator[.]

Phila. Civ. R. 206.1(a)(1). Because a petition to transfer venue is not included in Philadelphia County's definition of "petition," Pa.R.Civ.P. 206.6(a) and 206.7(d) do not apply.

Even though the trial court was not under any obligation to issue a rule to show cause or to permit Appellants to undertake additional discovery, the court nevertheless did authorize Appellants to submit additional affidavits limited to the issue of *forum non conveniens*. The trial court appropriately rejected Appellants' assertions regarding the court's October 28, 2021 order that authorized additional discovery, stating:

> [Appellants] also make a bald assertion that this court did not afford the parties an opportunity to take full and complete discovery on the limited issue of *forum non conveniens*. To the contrary, this court specifically allowed [Appellants] to cherry pick six (6) witnesses of their choosing and provide this court with affidavits limited to the issue of *forum non conveniens* in its October 28, 2021 order. Accordingly, this court did not commit an error of law or abuse of discretion when it specifically allowed [Appellants] to take additional discovery and provide the court with affidavits on the issue of *forum non conveniens.*

Trial Court Opinion, 9/2/22, at 8 (unnecessary capitalization omitted).

Appellants suggest that the court's explanation "fails to persuade, and indeed confirms that the trial court abused its discretion," because "the only potential witnesses from whom [Appellants] could obtain affidavits—without

running afoul of ethical rules prohibiting *ex parte* contacts . . . were witnesses under Appellants' control."  Appellants' Brief at 22.

We first note that Appellants seem to have lost sight of the fact that a defendant, as the moving party, bears the burden of demonstrating that a plaintiff's choice of forum is oppressive or vexatious.  If *Appellants* were challenging venue in Butler County, attempting to move the case to Philadelphia County, Appellants' claimed inability to secure affidavits might come into play.  However, here, it was *Appellees'* burden to demonstrate oppressiveness or vexatiousness, not Appellants' burden to defend its choice of venue initially or demonstrate oppressiveness to themselves or their witnesses.  **See Moody v. Lehigh Valley Hosp.**, 179 A.3d 496, 508 (Pa. Super. 2018) (plaintiff did not have burden to prove that transferee county "was oppressive to certain individuals, and such evidence was irrelevant to the inquiry herein.").[6]

---

[6] In **Tranter v. Z&D Tour, Inc.**, No. 1746 EDA 2022 (Pa. Super. filed October 11, 2023), a panel of this Court reversed a trial court's transfer from Philadelphia County based on *forum non conveniens* after concluding that ambulance drivers, firefighters, paramedics, and a coroner who responded to a fatal bus crash in Westmoreland County were not key witnesses for the defense and that the defense failed to establish how their testimony would be relevant to or necessary to the appellees' defense.  By contrast, in the instant case, the defense established, *inter alia*, that Appellant's co-workers—plant manager Donley and foreman Rager—were "central" or "critical" witnesses whose testimony would be relevant and necessary in this hand amputation case involving a cement mixer located in the Semper Concrete facility located in Butler County.  Therefore, we find **Tranter** distinguishable.

It is also important to recognize that, contrary to Appellants' assertion, Appellants were not foreclosed from conducting *forum non conveniens* depositions. *See* Appellants' Brief at 12. As Appellees observe:

> Over many months, the parties engaged in extensive *forum non conveniens* discovery, and counsel cooperated to schedule the seven depositions that [Appellants] took. [Appellees'] counsel also offered other depositions that [Appellants] refused. Thus, the trial court neither precluded nor expressly allowed depositions or other discovery because they were already ongoing.
>
> In particular, . . . [Appellants] deposed three of [Smith's] co-workers, John Donley, Dan Rager, and Dale Robertson, he deposed the building code inspector, Richard Round, and he rejected offers to depose [Smith's] other two co-workers, Floyd Fisher and Jason Palmer. Having either deposed or refused to depose witnesses who are, by any reasonable measure, highly relevant to this case, [Appellants] chose to depose three additional StoneMor employees [*i.e.*, James Kuntz, Amy Green, and Marc Bing-Zaremba].

Appellees' Brief at 48.

Appellees suggest that "the numerous affidavits, depositions, and briefs submitted in this case went far beyond what is routine." Appellees' Brief at 51 (referencing review of case law on pages 35-38). They further note:

> The trial court simply placed reasonable limitations on additional burdensome and largely irrelevant venue discovery. This middle-ground approach was especially necessary and appropriate after it because apparent that—as illustrated by [Appellants'] submission of an affidavit from Deborah Lasky, who had no relevant information and left StoneMor's employ nine years before the accident—[Appellants] were seeking discovery from Appellees' former and current employees based on their proximity to Philadelphia, not based on whether they had relevant information.

*Id.*

We find no abuse of discretion or error of law with respect to the scope of discovery authorized by the trial court. Appellants' second issue lacks merit.

Finding no merit in either of Appellants' issues, we shall not disturb the trial court's March 7, 2022 order transferring venue from Philadelphia County to Butler County.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2023